STAIR v. KANE.

(Circuit Court of Appeals, Sixth Circuit. October 17, 1907.)

No. 1,656.

**1. NEGLIGENCE—ACTION FOR NEGLIGENCE—QUESTION FOR JURY.**

The petition, in an action against the lessee of a theater for a personal injury, alleged that among the appliances of the theater of which defendant had control was a fire extinguisher, which was kept on the sill of an open window at the side of the stairway leading to the gallery of the theater, that it was unsecured, and was in a place where men and boys in crowding down the stairway, as was usual at the close of a performance, were likely to knock it out of the window, as they in fact did, and that it fell and injured plaintiff, who was on the walk below. There was evidence tending to support such allegations. *Held*, that the petition and evidence made a case of negligence which was properly submitted to the jury.

**2. SAME—EVIDENCE TO ESTABLISH.**

The accident itself in such case may be regarded, in the absence of explanation, as proof of the negligence charged.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 218, 271.]

**3. EVIDENCE—RELEVANCY—SIMILAR TRANSACTIONS.**

In such action, evidence was admissible to show that the descending crowd had several times previously dislodged the fire extinguisher from its place in the window, and that such fact was known to defendant, as material in determining whether or not the fire extinguisher was in an unsafe and dangerous place, and whether defendant was negligent in placing and permitting it to remain there on the occasion in issue.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 406–413.]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

Wm. B. Beebe and A. W. Lamson, for plaintiff in error.

R. B. Newcomb, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. This was a suit brought by a minor, through his mother, for personal injuries against the lessee of the Cleveland Theater, in Cleveland, Ohio. The young man, Kane, had attended a night performance, and as he was leaving the theater he was struck on the sidewalk in front by a fire extinguisher, which, during the performance, and for some time before, had been standing in the window on the third or gallery floor, next the stairs down which

the occupants of the gallery passed to reach the street. The case went to the jury, and there was a verdict for the plaintiff.

It was the contention of the plaintiff that the defendant owned and controlled the fire extinguisher, that he negligently and carelessly placed it in the window unfastened and unsecured, and as a result it fell from the building and injured the plaintiff. In other words, the contention was that the fire extinguisher was unfastened and unsecured, and occupied a dangerous position, and that, although no one saw it fall, the jury had a right, under the circumstances, to infer that it fell because of the negligence of the defendant in permitting it to remain where it was, when he might reasonably anticipate that the crowding and jostling of the young men and boys, just out from an entertainment and eager to reach the street, would, in their hurry, push it from the window onto the fire escape and permit it to fall down upon the people leaving the theater below.

There are really but two questions presented: First, whether the petition stated a case of negligence which was supported by sufficient evidence to sustain the verdict; and, second, whether the court did right in permitting the introduction of evidence tending to show that the fire extinguisher was so placed in the window, unfastened and unsecured, and next the stairs which descended from the gallery towards the street, that on several occasions it was struck by the jostling crowd and fell over in the direction of the fire escape, being caught and held by an employé then on duty. There are some other questions relating to charges given or refused, but they all really depend upon the disposition of those that we have indicated.

1. As to the petition and the evidence in its support, we entertain no doubt that a case of negligence was stated by the plaintiff, and that the evidence was sufficient to warrant the court in leaving to the jury the determination whether the defendant was or was not guilty as charged. The petition states that the defendant had charge and control of the fire extinguisher which fell and injured the plaintiff; that the defendant negligently placed it in a window next the stairs which descended from the gallery, not safely or properly fastened or secured, and as a result it fell from the window over the fire escape and down on to the street, where it struck and injured the plaintiff, who was just leaving the theater. We think this states a case in favor of the young man against the lessee of the theater. The latter was compelled by law to provide a fire extinguisher, but it was his duty to put it in a secure place, where it would not be liable to fall out the theater, and injure a patron or passer-by. This obligation accompanied the duty. The petition charges the violation of the obligation to place the fire extinguisher in a secure place. He was negligent in placing it where the ordinary movement of a gallery crowd (of which he was advised) might jostle it loose and let it fall on to the sidewalk. The accident itself might be regarded, in the absence of explanation, as proof of the negligence charged. Scott v. London Dock Co., 3 H. & C., 596; Cinti., etc., Ry. Co. v. South Fork Coal Co., 139 Fed. 528, 71 C. C. A. 316, 1 L. R. A. (N. S.) 533; Traction Co. v. Holzenkamp, 74 Ohio St., 379, 78 N. E. 529.

2. The ruling on the introduction of certain evidence arose during the testimony of Gross and Grussey, employés of the defendant not a great while before the accident. Gross was a special police officer and watchman in charge of the gallery from October 1, 1904, until February, 1905. He noticed the fire extinguisher standing in the window next the stairway where the crowd descended from the gallery. Asked to state what he noticed, if anything, with reference to the fire extinguisher when the crowd would be going down stairs, he said, after objection:

"The crowd would rush for the stairs. They would jam up against the window, and, when the window was open, there was twice that the fire extinguisher fell out, and I grabbed it."

At another place, Gross, in answering as to how the crowd came to knock the fire extinguisher out of the window, said:

"It started to fall, and I grabbed it as it went out, because the crowd came rushing like a lot of cattle. The small boys especially would fall into the sill of the window as they went down those stairs."

Grussey was ticket taker in the gallery and night watchman until August, 1905. Answering the question: "I wish you would state what you noticed when the crowd was rushing out with reference to the fire extinguisher in the window," Grussey said: "I have noticed the crowd bumped up against it and throwed it down several times." Grussey testified that he reported the knocking of the fire extinguisher out of the window to the manager of the theater, and wanted to put up some slats there to keep the crowd from brushing up against the window. Cookson, the manager, said this could not be done; no slats could be put up there.

As stated, the testimony of Gross and Grussey was admitted subject to exception, and its use was carefully limited in the charge; the court saying:

"I am requested, gentlemen, to charge that it is only the negligence of the defendant on the night in question which is to be considered by you as determining its liability in this case, and not its negligence at some other time. Evidence of what had occurred with respect to this fire extinguisher prior to the night when the accident occurred was only admitted in evidence for the purpose of showing that the fire extinguisher would fall over, and that the defendant was notified of the fact that it would so fall over or out as claimed by the plaintiff. Only for that purpose are you to consider the testimony of anything that happened in respect to the falling over of the fire extinguisher prior to that night."

In other words, the evidence was not used to show negligence on the part of the lessee on former occasions, but tended to show the usual conduct of the crowd in descending or "piling down" from the gallery; and, in view of such anticipated conduct, the fire extinguisher, in being placed unfastened in the window next to the descending crowd, was being left in an unsecure, dangerous, and negligent position. The fact that the descending crowd had several times dislodged it from its place in the window, and this was known to the lessee, was material in determining whether the fire extinguisher was or was not in an unsafe and dangerous place, and the lessee negligent in placing and leav-

ing it there. We think the testimony was properly admitted, and we find no error in the action of the court below which would warrant a reversal.

The judgment is affirmed.