No. 21,572.

EMMA M. TROWBRIDGE, *Appellee,* v. WILSON & COMPANY, *Appellant.*

### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*Pain from Injuries Received—Right to Compensation Therefor.* Under the workmen's compensation act, compensation can be recovered where inability to labor is caused by pain resulting from an injury received in an accident arising out of and in the course of the employment.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed February 9, 1918. Affirmed.

*J. E. McFadden, O. Q. Claflin,* both of Kansas City, and *O. C. Mosman,* of Kansas City, Mo., for the appellant.

*W. W. McCanles, Charles E. Thompson,* and *H. F. Gorsuch,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: Under the workmen's compensation act, the plaintiff recovered judgment for $636 for four weeks' total incapacity for labor, and 208 weeks' partial incapacity. The defendant appeals. The defendant complains—

"Of the action of the trial court in admitting and excluding evidence, in refusing to give the instruction requested by appellant, the giving of instruction Number One of the instructions given by the court, of the action of the trial court in overruling defendant's motion for a new trial and overruling defendant's motion to set aside the special findings of the jury, and in entering judgment in favor of the plaintiff and against the defendant."

In opening its argument, the defendant says:

"The error of the court in admitting and excluding evidence, in refusing to give the instruction requested by defendant and in giving instruction Number One of the instructions given by the court all involve the action of the trial court in allowing the pain and suffering claimed by the plaintiff to enter into this case and be considered by the jury as affecting plaintiff's recovery, and will, therefore, be considered jointly."

In her petition, the plaintiff alleged that because of the injuries sustained by her, she was unable to work for more than a month, and will for all time suffer such pain that she will never again be able to work and earn wages as before. There was evidence to show that the injury was painful, and that the pain prevented the plaintiff from working.

In the first instruction, in stating the case to the jury, the court said:

"Plaintiff in her petition alleges in substance that . . . the plaintiff was laid off from work for more than a month, and will for all time suffer such pain that she will never again be able to work and earn wages as before."

The defendant asked the court to give the following instruction:

"You are instructed that the plaintiff is not entitled to recover herein for any pain or suffering resulting from her injury, if any."

The instruction requested was not given. However, there was nothing in the instruction given to indicate that the plaintiff was in any way entitled to damages for the pain that she had suffered.

There is but one proposition argued in the defendant's brief. That proposition is, that the plaintiff was erroneously permitted to recover damages for the pain she had suffered. The defendant says:

"Plaintiff is not entitled to recover compensation for pain or for inconvenience, nor is she entitled to recover damages for pain and mental anguish."

It may be conceded that the defendant here states a correct principle of law. The compensation provided for by the statute is for loss of wages on account of incapacity for work, caused by accident. A hand, an arm, a leg, or any other part of the body may be injured, and the pain caused by any movement of the injured part may be so severe as to compel the injured person to cease to make any physical exertion whatever. Pain alone may render a person unable to work, or partially unable to work. If pain brought about by an injury causes inability to labor, that pain is within the provisions of the workmen's compensation act, just the same as though some part of the body had been otherwise impaired to such an extent as to render the person unable to perform labor. Compensation for loss of wages, or for loss of ability to earn wages, although that loss may be caused by pain, is not the same as damages for the pain. The former comes within the workmen's compensation act; the latter does not.

There was no error in admitting evidence concerning pain, and there was no reversible error in refusing to give the instruction requested by the defendant.

The judgment is affirmed.