**ST. LOUIS & S. F. RY. CO. v. KELSAY, Co. Treas.**

No. 15421—Opinion Filed June 2, 1925.

Rehearing Denied Sept. 8, 1925.

**1. Schools and School Districts—Tax Levy for Current Needs Authorized by Voters of District.**

Where the officers of a school district submit to the voters at an annual school meeting, held as provided by law an estimate of the needs of the school district for the current fiscal year, and a majority of the

voters approve the estimate as submitted, the excise board is authorized thereby to approve the estimate in such particulars as seem reasonable and cause a levy to be made to meet the estimated needs, within the constitutional limitation.

**2. Same—Validity of Levy Sustained.**

Record examined; held, to support the judgment in favor of the defendants.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Kiowa County; Thos. A. Edwards Judge.

Action by St. Louis & S. F. Railway Company against R. L. Kelsey, County Treasurer of Kiowa County, to recover taxes paid under protest. Judgment for defendant, and plaintiff brings error. Affirmed.

W. F. Evans and Stuart, Sharp & Cruce, for plaintiff in error.

John T. Hays, Co. Atty., for defendant in error.

Opinion by STEPHENSON, C. The St. L. & S. F. Railway Company commenced its action against the county treasurer of Kiowa county to recover taxes paid under protest, which were levied for the use and benefit of several school districts in that county. The trial of the cause resulted in the court sustaining a demurrer on the part of the county treasurer to the evidence of the plaintiff. Judgment was rendered for the defendant upon the demurrer to the evidence and the railway has appealed the cause, and assigns as error the sustaining of the defendant's demurrer to the evidence of the plaintiff, for the reversal of this cause.

The petition sets forth several causes of action against a number of school districts situated in Kiowa county. It is the claim of the plaintiff that a tax levy was made above five mills for the use and benefit of the school districts without submitting the question to a vote of the taxpayers residing in the district.

It appears that the school officers of the several school districts perpared an estimate of the needs for the school district to conduct the schools for the fiscal year in question. The several estimates as made by the school directors were submitted to the voters of the district at a regular annual school district meeting, held as provided by law, for their approval or rejection. The majority of the voters attending the school district meeting voted for the adoption of the estimates as made and submitted to them by the school officers. The several estimates were duly certified by the school district officers of the respective school districts and transmitted to the excise board of Kiowa county. The several estimates bear the following certificate:

"We further certify that the annual meeting held in said district on the 13th day of July, 1920, the said statement of estimate needs for the ensuing fiscal year was duly approved by a majority of the voters of said district voting at said annual meeting; and that an increased levy of **needed** mills over and above the regular five mills authorized to be levied for school purposes, was voted by a majority of the tax paying voters of said district voting at an election during the said annual meeting."

The plaintiff contends that the question of the number of mills to be levied on the property should have been submitted to the voters instead of the sum total of the estimated needs. The certificate as quoted above discloses that no particular number of mills was voted upon at the annual school board meeting.

We are unable to find that this question has been presented to this court before as made in this appeal.

The excise board is authorized to levy five mills for the use of school districts. Any additional levy depends upon the same being authorized by the voters of the district, not to exceed 10 mills. The annual school meetings as provided by law are held in many instances prior to the time that the taxable property of the county is valued and equalized. The school districts could not determine the number of mills that would be required to raise taxes, equal to the estimated needs, until the equalized valuation of the property in the district was certified to the school district officers. We think the submission of the estimated needs to the voters for their approval or rejection brings to the attention of the voters the extent of the burdens they are assuming more clearly than a given number of mills. We think that if the voters at the annual school board meeting approved the estimate by a majority vote, such estimate may then be transmitted to the excise board. The excise board may then examine and approve the estimate, if it is deemed reasonable, and cause the levy of such number of mills as will be required to meet the approved estimate, provided the total mill levy does not exceed 15 mills for school purposes. It is the sum total of the estimate, as compared with the equalized valuation of the

taxable property, that fixes the number of mills which may be levied for school purposes, provided the number of mills do not exceed the constitutional limitation of 15 mills. If a certain number of mills were submitted to the school district for their approval or disapproval for levy the voters of the district would not be able to determine the extent of the burdens cast upon their property, unless they were advised of the equalized valuation of the taxable property situated in the school district. It is often the case that the value of the taxable property of a county is not finally equalized for taxation purposes until late in the fiscal year. If the school districts were required to wait for the equalized valuation of the property, so that they might determine the number of mills which would be required to be levied to meet their estimated needs, it would result in preventing contracts with teachers and the opening of schools at the usual time. We think the estimated needs for the fiscal year may be submitted to the voters for their approval, and if the same receives a majority of the votes, the excise board may cause any mill levy to be made, under a levy of 15 mills, sufficient to meet the estimated needs of the school district. We think the court did not commit error in sustaining the defendant's demurrer to plaintiff's evidence upon the question as made in this appeal.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. pp. 1015, 1018. (2) 35 Cyc. p. 1018.