Gilbert v. Independent Construction Co.

No. 26,886.

H. Gilbert, *Appellee*, v. The Independent Construction
Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act—*Award of Arbitrator—Grounds for Review
—Gross Inadequacy.* Under R. S. 44-528 the award of an arbitrator in a
workman's compensation case may be reviewed by the district court upon
the grounds of gross inadequacy.

2. Same—*Refusal to Submit to Surgical Operation—Unreasonableness Question
for Jury.* Whether in a workman's compensation case the refusal of the
workman to submit to a surgical operation is so unreasonable that compen-
sation should .be reduced, or denied, is a question of fact to be determined
from the evidence by the trial court.

Appeal from Crawford district court, division No. 1; Daniel H. Woolley,
judge. Opinion filed November 6, 1926. Affirmed.

*A. B. Kellar, George Malcolm,* both of Pittsburg, *E. H. Henning* and *A. M.
Etchen,* both of Kansas City, for the appellant.

*A. H. Carl,* of Girard, and *Sylvan Bruner,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a workman's compensation case. The plain-
tiff, H. Gilbert, a man about 66 years of age, employed by defendant
as a teamster and sort of foreman, received an injury while lifting
a plank, which resulted in a double inguinal hernia. Upon an appli-
cation of plaintiff an arbitrator was appointed to make the usual
specific findings "and for such other and further findings on such
other and further questions that may be suggested either by the
plaintiff or defendant or both of them on the hearing before the
arbitrator." The testimony taken before the arbitrator tended to
show plaintiff's right to compensation. Much medical evidence was
taken upon the question whether plaintiff could safely be operated
upon and the disability successfully removed by such operation, in
view of his then physical condition, which was described in detail in
the evidence. At the close of the testimony defendant, while still
denying its liability, proffered and tendered an operation for the

Workmen's Compensation Acts, C. J. pp. 98 n. 49, 110 n. 22; L. R. A. 1916A,
139, 259, 387; L. R. A. 1917D, 174; 6 A. L. R. 1260; 18 A. L. R. 431; 28 R. C. L.
815.

double hernia on plaintiff at the expense of defendant, such operation to be performed by some skilled surgeon to be chosen by plaintiff. The arbitrator found in favor of the plaintiff for compensation and the amount due at the time of the hearing; that an operation for hernia such as plaintiff's in a great majority of cases is successful; that if successful it would restore plaintiff to a normal condition, and that a reasonable time for recovery from such operation is sixteen weeks. He awarded plaintiff compensation up to the day of the hearing, the same to be paid at once, and further compensation for total disability for a period of not longer than sixteen weeks. He made no award for any liability that might attach should the operation be unsuccessful, for the reason that the amount, degree, or duration of disability, should any exist, could not then be determined. Soon after the award was filed, plaintiff filed a petition for review and modification of the award, for the reasons, among others, that the award was grossly inadequate, and that the arbitrator exceeded his authority. Upon the hearing of this petition additional medical evidence as to the advisability of an operation was presented. The court found, among other things, that the arbitrator exceeded his authority in passing upon the question as to whether or not the plaintiff should submit to an operation, and further found, from the testimony adduced before the arbitrator and the testimony on the hearing of defendant's petition and application for a modification of the award, that an operation at plaintiff's age, in his then physical condition, to remedy his hernia, would endanger plaintiff's life, and that plaintiff's refusal to accept the operation tendered by defendant is not unreasonable on the part of plaintiff, and that plaintiff, to secure compensation for the injuries received, should not be compelled to submit to an operation. Compensation was allowed for total permanent disability, and judgment entered accordingly.

The defendant has appealed from this judgment and contends that the court had no authority to entertain the petition for a review and modification of the award, for the reason that it was filed within less than six months after the report of the arbitrator. . There is no merit in this contention. R. S. 44-534 pertains to modification of judgment. This proceeding was under R. S. 44-528, which authorizes the review of an award, for the reasons therein stated, at any time before final payment has been made under or pursuant to the award.

It is next contended that the court erred in holding that the arbi-

trator exceeded his authority in passing upon the question of whether or not it was reasonable for plaintiff to submit to an operation. We do not regard this question as important. One of the reasons for the review of the award was gross inadequacy. That is one of the reasons provided for by R. S. 44-528, and without regard to whether the arbitrator was authorized to take evidence and make a finding upon that question, if his ruling thereon resulted in gross inadequacy it was subject to review. This case is quite like the case of *Strong v. Iron & Metal Co.*, 109 Kan. 117, 198 Pac. 182. There the injury was of the same character as in this case. The arbitrator heard evidence as to whether the plaintiff should submit to an operation, and found that he should not be required to do so. The defendant filed a petition for the review and modification of the award, for the reason, among others, that it was grossly excessive. Upon the hearing the trial court, considering the same evidence, found that plaintiff's refusal to submit to an operation was unreasonable, and reduced the amount of the award accordingly. Upon appeal plaintiff challenged the power of the court to review the award of the arbitrator. This court held the trial court, by finding there was no total disability but that there was partial disability, found that the award of the arbitrator was grossly excessive, and brought the proceedings within R. S. 44-528, authorizing a review of the award by the district court. The same statute authorizes a review of an award that is grossly inadequate, which was a ground for review in this case. We regard holding on that question in *Strong v. Iron & Metal Co.*, supra, as decisive of plaintiff's right to have award of the arbitrator reviewed by the district court in this case.

Whether it was reasonable, in view of all the facts and circumstances disclosed by the evidence, to require plaintiff to submit to an operation as a condition precedent to his receiving compensation was a question of fact, to be determined from the evidence. (*Strong v. Iron & Metal Co.*, supra; also see cases collected in the notes 18 A. L. R. 415, 431.)

It will not be necessary to analyze other cases cited. The judgment of the court below is affirmed.