No. 27,490.

Montee C. Everitt, *Appellee*, v. The Haldeman-Julius Publishing Company, *Appellant*.

(257 Pac. 939.)

SYLLABUS BY THE COURT.

1. Workmen's Compensation Act — *Refusal to Submit to Operation — Unreasonableness is Jury Question.* Under the workmen's compensation law, the supreme court cannot say that it is unreasonable for an employee who by accident has had part of one of his fingers torn off to refuse to submit to an operation for the removal of more of his finger, although the operation would probably result in overcoming part of the disability caused by the injury to the finger. Whether the refusal to submit to an operation is unreasonable or not is a question of fact to be determined by the trier of facts.

2. Same — *Scheduled Allowance — Additional Allowance for Partial Loss of Finger Causing Pain When Used.* An award of $2,610 under the workmen's compensation law as compensation to an injured employee for the loss of a part of a finger is not excessive where, as a consequence of the injury, an attempt to use his hand causes pain in his hand and arm.

Appeal from Crawford district court, division No. 1; Daniel H. Woolley, judge. Opinion filed July 9, 1927. Affirmed.

*A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellant.

*Eugene English,* of Girard, and *Sylvan Bruner,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The action is one to recover under the workmen's compensation law. The plaintiff recovered judgment, and the defendant appeals.

The plaintiff, an employee of the defendant, both operating under the workmen's compensation law, sustained an accidental injury by which he lost a part of one of his fingers, thereby permanently partially disabling him. An arbitrator was appointed. He was ordered to make findings of fact on and arbitrate certain questions submitted to him. On evidence introduced, he made findings of fact as follows:

Damages, 17 C. J. p. 1104 n. 53. Workmen's Compensation Acts, C. J. pp. 96 n. 18, 98 n. 49 new, 122 n. 39, 40; L. R. A. 1916A 139, 259; L. R. A. 1917D 174; 6 A. L. R. 1260; 18 A. L. R. 431, 1353; 28 R. C. L. 815, 818.

"1. That the plaintiff, Montee C. Everitt, sustained injuries.

"2. That the injuries sustained were accidental.

"3. That the said injuries arose out of and in the course of the plaintiff's employment by the said defendant.

"4. That both plaintiff and defendant, being respectively. employee and employer, were at the time of the said injuries working and operating under and governed by the Kansas workmen's compensation law.

"5. That the injuries sustained by the plaintiff are compensable.

"6. That the injuries are such as to render the plaintiff partial disability for a period of eight years.

"7. That the plaintiff's disability has not terminated.

"8. That the said plaintiff, Montee C. Everitt, was not continually employed by the said defendant for a year next preceding the date of his said injury, and the average wages paid to workmen by the same employer, for the same grade of employment, at the same work for the year next preceding the 17th day of December, A. D. 1924, was $9 per week, or $468 per year.

"9. That notice in writing of said injury was. not served on the said defendant, but that said defendant had actual notice of the same.

"10. That plaintiff made demand on the said defendant for compensation within ninety days after said injury.

"11. That medical service and hospital attention was rendered and furnished the said plaintiff.

"12. . . .

"13. That compensation is allowed plaintiff in the total sum of $2,610.

"14. That plaintiff is allowed compensation for partial disability in the sum of $2,490.

"15. That no compensation is allowed plaintiff for total disability.

"16. That plaintiff is allowed compensation for a period of eight years from and after the 17th day of December, A. D. 1924, less one week.

"17. That the plaintiff has been paid compensation by the said defendant for a period of eleven weeks and in the total sum of $66.

"The arbitrator further finds that the defendant, The Haldeman-Julius Publishing Company, made an offer and tender, in words and figures as follows, to wit:

" 'The defendant, the employer, The Haldeman-Julius Publishing Company, at this time offers plaintiff an operation such as has been described by Doctor McNaught, who testified on behalf of the plaintiff, and by Doctors Moberg and Fain, who testified on behalf of the defendant, that is, an operation for the removal of the second joint of the injured finger of the plaintiff; that is, an operation for the removal of the finger at the second joint from the distal end of said finger. The defendant offers to pay all the necessary expenses in connection with the said operation, including the surgeon's bill and any necessary assistants and hospital bills and for medicines and everything necessary in connection with said operation.'

"And the said plaintiff refused to submit to said operation as offered by the said defendant.

"In this regard the arbitrator finds that the operation as offered by the said defendant would be a minor operation, with very slight danger to the life or health of the said plaintiff, and that said operation as offered is a proper operation, but that said plaintiff's refusal to submit to said operation was and

Everitt v. Haldeman-Julius Pub. Co.

is not unreasonable, for the reason that the same would dispossess the plaintiff of a member of his body and all benefit he derives therefrom. And further, for the reason that said operation would not restore the plaintiff to his former condition.

"The arbitrator therefore awards the plaintiff compensation at the rate of $6 per week from the 24th day of December, A. D. 1924, to the 10th day of March, A. D. 1926, a period of sixty-three weeks, and in the total sum of $378, less the sum of $60 paid the plaintiff by the defendant, leaving a balance in the sum of $312 past due and owing the said plaintiff, and to be paid in a lump sum on the next regular pay day of the said defendant after the filing of this award.

"The arbitrator further awards the plaintiff compensation for the loss of the first phalange and a part of the second phalange of the second finger of the plaintiff's right hand, two-thirds of fifty per cent of the plaintiff's average weekly earnings for a period of thirty weeks, in the total sum of $20 [$120], which said sum is past due and owing the said plaintiff, and to be paid by the said defendant in a lump sum at the first regular pay day of the defendant after the filing of this award.

"The arbitrator further awards the plaintiff compensation at the rate of $6 per week from the 10th day of March, A. D. 1926, to the 17th day of December, A. D. 1932, or a period of 352 weeks, and in the total sum of $2,112, to be paid at the same time, place and in the same manner as the plaintiff received his wages while in the employ of the said defendant."

The court on an application to modify the award found "that the award of the arbitrator made herein should be ratified, approved, and adopted by the court," and denied modification of the award.

1. The principal question argued concerns the offer of the defendant to operate on the plaintiff by removing a part of the remainder of his finger, which offer was refused. The defendant cites *Strong v. Iron & Metal Co.,* 109 Kan. 117, 198 Pac. 182, where the court said:

"The unreasonable refusal of an injured employee to permit a surgical operation where the danger to life from the operation would be very small, and the probabilities of a permanent cure very large, justifies a court in refusing compensation under the workmen's compensation law from and after the trial." (Syl. ¶ 1.)

That declaration by this court was made from findings of the trial court as follows:

"The court finds that defendant has offered and still offers plaintiff a surgical operation, by surgeon of his own choosing, and to defray all expenses thereof. That plaintiff refuses said operation, and that his refusal is unreasonable; that the operation would not be attended with danger to plaintiff's life, but would, in all probability result in a complete removal of present disability, as well as the congenital weakness which induced hernia. That the chances for recovery are so fair and the danger so slight that an ordinary person would readily submit to the operation." (p. 119.)

The distinction between that case and the present one is this: In that case, the operation would have effected a complete recovery. In the present case the operation could not bring about a complete recovery, because a part of the finger was gone; that part could not be restored. An operation would have removed more of the finger. There was evidence which tended to prove that after the accident the plaintiff had some use of the injured finger. Its removal would deprive him of that use. An examination of the abstract discloses that the finding of the arbitrator concerning the reasonableness of the refusal of the plaintiff to submit to the operation was fully sustained by evidence. The court by the approval of the award of the arbitrator found that the refusal of the plaintiff to submit to the operation was not unreasonable.

In *Strong v. Iron & Metal Co.,* supra, the court said:

"The unreasonableness of the refusal of an injured employee, who is seeking to recover compensation under the workmen's compensation act, to permit an operation to be performed, is a question of fact to be determined from the evidence." (Syl. ¶ 2. See, also, *Gilbert v. Independent Construction Co.,* 121 Kan. 841, 250 Pac. 261.)

2. It is argued that the award was grossly excessive. The defendant contends that only $420 should have been allowed as compensation—$120 for the loss of part of the plaintiff's finger and $6 a week for fifty weeks. There was evidence which tended to prove that as a consequence of the injury to the finger there was pain in the hand and arm when he attempted to use his hand. That matter was not specifically referred to the arbitrator, but his conclusion necessarily included a finding concerning it. That consequent pain brings this case within *Lane v. Sonken-Galamba Corporation,* 119 Kan. 256, 237 Pac. 875, where this court said:

"Following *Stefan v. Elevator Co.,* 106 Kan. 369, it is held that a workman who sustained an injury making it necessary to amputate two phalanges of a finger, and also caused disabilities to the hand, wrist and arm, permanent in character, is entitled to compensation beyond the scheduled allowance for the loss of a part of the finger for the additional permanent partial incapacity."

In *Trowbridge v. Wilson & Co.,* 102 Kan. 521, the court declared that—

"Under the workmen's compensation act, compensation can be recovered where inability to labor is caused by pain resulting from an injury received in an accident arising out of and in the course of the employment."

The judgment is affirmed.