### JOHNSTON et al. v. DILL el al.

No. 20385. Opinion Filed Feb. 21, 1933.

Sid White, A. M. Beets, and O. K. Wetzel, for plaintiffs in error.

Martin L. Frerichs, for defendants in error.

126

OSBORN, J. This action was commenced in the district court of Okfuskee county by William G. Johnston and W. Frank Davis against W. H. Dill and Andy Higgins, for recovery of a broker's commission for the sale of real estate.

A jury was impaneled, and after the introduction of plaintiffs' evidence, defendants interposed a demurrer to the evidence, which was sustained, and plaintiffs have appealed.

In reviewing the action of the trial court, this court will not weigh the evidence, but will consider that the demurrer admits every fact which the evidence in the slightest degree tends to prove and all inferences and conclusions that may be reasonably and logically drawn from the same. Carver Chiropractic College v. Armstrong, 103 Okla. 123, 229 P. 641; City of Tulsa v. O. N. G. Co., 109 Okla. 43, 234 P. 588; Biedleman v. Barry, 104 Okla. 288, 231 P. 276; Sharum v. Sharum, 82 Okla. 266, 200 P. 176.

The testimony of the plaintiff Johnston was that he was in the real estate and oil lease business; that he entered into a contract with defendant W. H. Dill, to sell a certain tract of land owned by Dill and the defendant Higgins, consisting of 720 acres; that the sale price was to be $54,000, and if possible plaintiff Johnston was to secure his commission above this figure, but in the event that he could not do so, he was to get five per cent. commission on the sale price. Plaintiff was rather positive in his testimony as to this feature of the contract. The following statement appears in his testimony:

"That is the verbal agreement that we had. I was to get five per cent. upon the agreed price whether $75, or $80, or $77.50 an acre, and he said not to let the commission stand in the way of a trade."

Plaintiff Johnston further testified that he made an agreement with the coplaintiff, Davis, to assist him in selling the land, with the understanding that they were to split the commission. The record shows that Davis was acquainted with a party named J. J. Stocklossa. who lived at Prague, Okla., that he secured a plat of the lands and went to Prague and interested Stocklossa in the lands; that he informed Stocklossa how to get to the lands and quoted him the price. The record further shows that Stocklossa inspected the lands, then got in touch with the defendants Dill and Higgins, and purchased the lands from them at a price of $54,000.

Stocklossa, as a witness for plaintiffs, stated that he had no information about

the lands, and that he did not know that they were on the market before he saw Mr. Davis. He testified: "There is no question about that; he (Davis) was the cause of it" (the sale). The plaintiff Johnston testified that he had made demand upon Dill for payment of the commission and that Dill had refused to pay it, or any part of it.

It is clear that there was a listing of this property by the owner with the plaintiff Johnston for sale. Johnston is positive in his testimony as to the commission he was to receive. It is also proved that the sale was consummated. In order to entitle plaintiffs to a commission, it is necessary that plaintiffs show that through their exertions the buyer and seller were brought together and that negotiations for the sale of the property were begun. Roberts v. Markham, 26 Okla. 387, 109 P. 127; Cantrell v. McLemore, 119 Okla. 176, 249 P. 417; Cornell v. Howe, 131 Okla. 299, 269 P. 243; J. L. Lemmon Co. v. Oppenheimer, 155 Okla. 209, 8 P. (2d) 679.

The plaintiffs contend that they were the efficient and procuring cause of the sale, and after reviewing the record it appears that there is some merit in this contention. The buyer, Stocklossa, testified, in effect, that it was through the efforts of plaintiff Davis, that he was informed that the lands were for sale, and it is not unreasonable to conclude that, except for the efforts of Davis, Stocklossa would not have made the trip to see the lands, and consequently would not have become interested in the purchase of the same. In the case of Abraham v. Wasaff, 111 Okla. 165, 239 P. 138, the following rule is announced;

"A broker will be regarded as the procuring and efficient cause if his efforts are the foundation upon which negotiations resulting in the sale are begun."

Our attention has been called to the case of Combs v. Langston Investment Co., 100 Okla. 21, 227 P. 94, in which the following rule is stated:

"Defendant listed his property for sale with plaintiffs as brokers. Plaintiffs exhibited the property to the purchaser's wife, advising that defendant owned same and the price. The purchaser, on such information from his wife, negotiated the purchase of the property at a reduced price without further services of plaintiffs. Held, defendant was liable to plaintiffs for commission on the price received."

See, also, Schlegel v. Fuller, 48 Okla. 134, 149 P. 1118.

Defendants rely upon the case of Coleman v. Moreland, 89 Okla. 128, 213 P. 843,

in which a similar state of facts is presented, and in which this court held that the trial court erred in overruling a demurrer to plaintiff's evidence. In that case the court held that the mere fact that a broker informed a buyer that the land was for sale was not sufficient to enable him to recover, but that in addition thereto he must show that the efforts were in a reasonable degree effective in consummating the sale. A careful survey of the facts in that case reveals a subtantial difference from the facts in this case.

In the instant case, for the purpose of this demurrer, it may be inferred that plaintiffs' knowledge that Stocklossa was a prospective purchaser was exclusive to them. It is apparent that plaintiffs were diligent in taking advantage of this knowledge, and thereby starting a chain of circumstances which culminated in a transaction profitable to defendants.

Defendants contend that plaintiffs were under obligation to inform them that Stocklossa had become interested in the land through their efforts; however, defendants were fully advised as to the listing of the land with Johnston, and if they had inquired of Stocklossa as to the source of his information about the land, doubtless he would have told them.

In view of the evidence, and the applicable rules of law, we think the court committed error in sustaining defendants' demurrer to the evidence.

Our attention has been called to the fact that this case has twice been before this court (Dill v. Johnston, 121 Okla. 62, 247 P. 349, and 94 Okla. 264, 222 P. 507), and this court in the latter appeal held that the trial court erred in submitting the cause to the jury and should have sustained defendants' demurrer to the testimony. We have taken the precaution to review the record presented in that appeal, and we find that the evidence herein is more detailed, more explicit, and more complete than the evidence presented in the former record, and, therefore, the conclusion herein is not inconsistent with the former opinion.

In justice to the trial judge, we might add that he sustained the demurrer to the evidence with great reluctance, basing his act on the previous decision of this court in the latter appeal as the law of the case. The record in that appeal was not before him for examination and the more explicit testimony in this case escaped his attention.

The cause is reversed and remanded for a new trial.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, BAYLESS, BUSBY, and WELCH, JJ., concur. ANDREWS and McNEILL, JJ., absent.