**CLINE v. BUTTS, Adm'r.**

No. 21827.    Feb. 20, 1934.

W. W. Sutton, for plaintiff in error.

Simons, McKnight, Simons & Mitchell for defendant in error.

PER CURIAM. B. F. Cline brought an action against Dr. J. H. Hays for injuries alleged to have occurred to B. F. Cline from a water pitcher falling from the third story of an office building and hitting B. F. Cline on the right shoulder, and causing adhesions of the muscles of the shoulder, great bodily pain and suffering, and permanent injury.

Dr. J. H. Hays occupied two rooms, as lessee, on the east side and near the southeast corner of the third story of a building in Enid. On the south, the windows were open and a hallway led into the office of Dr. Hays, and made an air passage into and through Dr. Hays' office. B. F. Cline was standing directly under a window of one of the rooms occupied by Dr. Hays when a granite pitcher was thrown, blown, pushed or dropped from the window, hitting B. F. Cline on the right shoulder.

B. F. Cline testified that he was standing on the sidewalk directly under the window of Dr. Hays' office, talking to E. L. Glascow and M. S. Johnson; that a pitcher fell from above and struck him on the right shoulder; that immediately after the pitcher struck him, Dr. Hays leaned out of the window and said if anybody was hurt to come up and he would look them over; that the pitcher came out of Dr. Hays' office on the third floor of the Enid National Bank Building; that when the pitcher struck him, he became sick and nauseated; that he stood up against the side of the building for a short time, then went home; that he was 68 years of age at the time, was a carpenter and cabinet maker, and was capable of earning, and did earn, about $175 a month prior to the time he received the injury from the pitcher falling upon his shoulder; that he has continuously suffered pain from that time until the time of the trial; that he cannot raise his arm above a level; that he has been unable to use his arm since the injury occurred, in his occupation as a carpenter and cabinet maker; that he had incurred a doctor bill of $150 to Dr. Smith for treating him.

E. L. Glascow testified that he, Mr. Johnson, and B. F. Cline were standing on the sidewalk close together talking; that a pitcher fell from above and hit Mr. Cline on the shoulder; that after the pitcher hit Cline, it bounced off and hit Mr. Johnson; that Dr. Hays called down and said: "If anybody is hurt, come up and we will look you over."

M. S. Johnson testified that he was standing on the sidewalk by the Enid National Bank Building and a pitcher fell down and struck Mr. Cline on the right shoulder, then bounced and struck him; that some person he thought was Dr. Hays reached his head out of the window and called from above; that the window or place where the man reached his head out was directly above where Cline was standing at the time the pitcher struck him.

Mrs. Fay Crouse testified that she was working for Dr. Hays at the time the pitcher fell out of the window; that Dr. Hays directed her to go down and get the pitcher after it had fallen; that when she went down she saw the man it had hit, standing there. She identified a pitcher as looking like the pitcher that she went down and got after it had fallen from the window; that Dr. Hays had a pitcher in his office like the one that fell out of the window that he used to carry water from the lavatory to the sterilizing instrument; that there was a shelf under the window that was sometimes used for witness and others to sit on; that Dr. Hays had told her never to set anything on the shelf.

Dr. C. E. Smith testified that he had treated Cline from the time of his injury, and that he received a very severe shock from the injury, which caused functional disorders of several of the vital organs; that his arm was stiff and gave him a great deal of pain; that his charges for the services was $150.

Dr. J. A. Boyle, a chiropractic, testified

380

that he had examined Cline; that his shoulder was stiff, and that the injury was such that he could not effect a cure.

These are the material facts in the case, as testified to by the witnesses for the plaintiff. At the close of plaintiff's testimony, the court sustained a demurrer to the evidence, and this is the error complained of by the plaintiff in error.

From the evidence, it is shown that Dr. Hays was the occupant and had control of the room from which the pitcher fell; that the plaintiff was on the sidewalk below, where he had a right to be; that the pitcher fell upon him and injured him by the fall.

In 20 R. C. L. page 78, par. 69, it is said:

"It may be stated as a general proposition that the owner or occupant of a building or structure, unless he can show that he was not at fault, will be held liable for damage and injury resulting from the precipitation of objects or substances into the street or upon adjacent premises."

In 20 R. C. L. page 191, par. 158, it is said:

"The doctrine res ipsa loquitur has found a frequent application in cases of injuries from falling objects and substances. Evidence that an object whose fall has caused an injury to a traveler upon a public thoroughfare was under the management of the defendant or his servant has frequently been held to be sufficient to establish a want of due care on the part of such defendant, if the accident is such as in the ordinary course of things does not happen, and no adequate explanation of its occurrence is offered."

In Dixon v. Pluns, 98 Cal. 384, 33 P. 268, where a chisel dropped from a scaffold erected over the sidewalk upon which the defendant was at work, the court said:

"The rule recognized by the foregoing authorities as pertaining to this class of accidents is, where the thing is shown to be under the management of 'the defendant or his servants, and the accident is such as, in the ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care. Shear. & R. Neg., sec. 60."

In Stair v. Kane, 84 C. C. A. 126, 156 Fed. 100, where the plaintiff was leaving a theater at night, and while on the sidewalk in front of the theater, a fire extinguisher fell from a third story window of the theater, the second paragraph of the syllabus reads:

"The accident in such cases may be regarded, in the absence of explanation, as proof of the negligence charged. 37 Cent. Dig. Neg. secs. 218-271."

In 29 A. L. R. page 87, under the title "Res Ipsa Loquitur," a number of authorities are collected in support of the text, which provides:

"It is obvious that the cause of an object falling to the street from a window is often unascertainable,—as far as the party injured is concerned, at any rate—and the courts have frequently applied the doctrine of res ipsa loquitur to an injury to one on the sidewalk by an object falling from a window, or have declared that the proof of such an accident constituted a prima facie case of negligence."

In the case of Muskogee Electric Traction Co. v. McIntire, 37 Okla. 684, 133 P. 213, it is said:

"Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care."

The plaintiff in the case at bar was on a public thoroughfare. The pitcher and the office from which it fell were under the control and management of the defendant, Dr. Hays. The falling of a pitcher from a window, and hitting a person on the sidewalk below, does not happen in the ordinary course of things. It is evident that the pitcher did not fall from the window of its own volition. It was blown, thrown, or dropped from the window.

The defendant in error cites the case of Benedick v. Potts, 88 Md. 52, 40 Atl. 1067, which was a case in which a passenger on a mimic railway was found in a tunnel through which the car passed on which the plaintiff was riding, in an unconscious condition, with a wound on his head. It was not shown by what physical force the wound was made. The court held that the rule of "res ipsa loquitur" did not apply. But on page 1068, 40 Atl., the court said:

"But the act that produced the injury, being made apparent, may, in the instances indicated, furnish the ground for a presumption that negligence set that act in motion. The maxim does not go to the extent of implying that you may from the mere fact of an injury, infer what physical act produced that injury; but it means that when the physical act has been shown or is apparent, and is not explained by the defendant, the conclusion that negligence

superinduced it may be drawn, as a legitimate deduction of fact. It permits an inference that the known act which produced the injury was a negligent act, but it does not permit an inference as to what act did produce the injury. Negligence manifestly cannot be predicated of any act until you know what the act is. Until you know what did occasion an injury, you cannot say that the defendant was guilty of some negligence that produced that injury. There is therefore a difference between inferring, as a conclusion of fact, what it was that did the injury, and inferring from a known or proven act occasioning the injury that there was negligence in the act that did produce the injury."

In the case at bar, the evidence very clearly shows what physical act produced the injury—the falling of the pitcher from the doctor's window to the shoulder of the plaintiff. Then, as said in the Benedick Case, supra, the conclusion:

"That negligence superinduced it may be drawn, as a legitimate deduction of fact. It permits an inference that the known act which produced the injury was a negligent act."

A demurrer to the evidence admits all the facts which the testimony in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably drawn from the testimony, and plaintiff is entitled to every inference which the testimony, considered in the light most favorable to him, reasonably tends to prove. Anthony v. Bliss et al., 39 Okla. 237, 134 P. 1122; Johnson v. Dill. 162 Okla. 125. 19 P. (2d) 354; Morris v. McLendon, 167 Okla. 68, 27 P. (2d) 811.

It is a well-known rule that where there is any competent evidence tending to show negligence on the part of the defendant and injury to the plaintiff as a proximate result, it is error to sustain a demurrer to the evidence. Selby v. Torpedo Co., 112 Okla. 303, 241 P. 130.

Judgment reversed and cause remanded to the lower court, with directions to overrule the demurrer and to grant a new trial.

The Supreme Court acknowledges the aid of District Judge George Arnett, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter the opinion, as modified, was adopted by the court.