### BANNING v. PERU-LACLEDE SYNDICATE, Inc., et al.

No. 26741. Feb. 16, 1937.

Rehearing Denied March 16, 1937.

Clyde Morsey, C. E. Rumery, and E. B. Morgan, for petitioners.

Commons & Chandler and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by R. L. Banning, as petitioner, to obtain the review of an order of the State Industrial Commission which denied his claim for compensation against Peru-Laclede Syndicate, Inc. The parties will be referred to as claimant and respondent in the same order as they appeared before the Industrial Commission.

The record reveals that on December 7, 1934, the claimant filed with the State Industrial Commission employee's first notice of injury and claim for compensation. In said notice claimant alleged that while in the employ of the respondent Peru-Laclede Syn., Inc., on the 17th day of May, 1934, he had sustained an accidental personal injury to his left ankle by reason of which he had been permanently disabled. Hearings were conducted on this claim, and on May 17, 1935, the commission made the following findings of fact:

"1. That claimant alleges he received an accidental injury on May the 17th, 1934, when his left foot caught under brake lever, causing injury to left ankle; that claimant continued to work and drew wages until September 15th, sustaining no loss of time beyond the 5-day waiting period for temporary total disability.

"2. The commission finds that the evidence is insufficient to establish any permanent disability, and that this cause should be placed back on the next Miami, Okla., docket in order to give claimant an opportunity to establish the permanent partial disability, if any."

Thereupon the commission ordered the cause reset upon the next Miami, Okla., docket in order to enable claimant to establish his disability and his claim for compensation.

Pursuant to the aforesaid order the parties again appeared before the commission on September 27, 1935, and were heard fully. At the close of claimant's evidence the respondent demurred thereto, but on declining to go to the commission thereon, this demurrer was overruled and the respondent introduced its evidence. Upon conclusion of the entire hearing, the commission made the order which we are now called upon to review. The pertinent portions of this order read as follows:

"Now on this 18th day of October, 1935, the State Industrial Commission being regularly in session, this cause comes on for consideration pursuant to a hearing had at Miami, Okla., September 27, 1935, before Inspector Emmett Brightwell, duly assigned to hear said cause, to determine the extent of permanent partial disability, if any, at which hearing the claimant appeared in person and by his attorney, C. E. Rumery, and the respondent and insurance carrier appeared by its attorney, A. L. Commons, at which hearing the respondent and insurance carrier demurred on the grounds that the claimant did not make clear whether the May injury or the September injury is the cause of the disability alleged and there was no claim filed in the September injury. And the commission, having considered the testimony taken at said hearing and all the records on file and being otherwise well and sufficiently advised in the premises, is of the opinion that the respondent and insurance carrier's demurrer should be sustained and compensation denied.

"It is therefore ordered: That the demurrer of the respondent and insurance carrier be and it is hereby sustained and compensation is therefore denied."

The evidence before the commission established the fact that claimant had sustained an accidental injury to his left ankle on May 17, 1934, and that resulting disability did not extend beyond the 5-day waiting period and that claimant returned to work and drew his regular wages until the mill closed down on the 15th of the following September. Claim was not filed with the commission until the following December, and the only injury alleged was that occurring in May, 1934; that at the hearing in May, 1935, the testimony of claimant was confined to this injury; the commission found that the claimant had failed to establish any disability as a result of said injury, and continued the mat-

384

ter so as to afford him an opportunity to produce evidence showing that his accident of May, 1934, resulted in a permanent disability. At the hearing in September, 1935, the claimant for the first time injected into the case an injury alleged to have happened about the 15th day of September, 1934; claimant's physician testified that it was impossible to determine whether claimant's disability was due to the injury of May, 1934, or that of September, 1934. The commission held in effect that the claimant had failed to prove disability as a result of the alleged accident of May, 1934, and denied his claim for compensation.

Claimant first urges that the Workmen's Compensation Law should be liberally and fairly construed in favor of the injured employee. This is conceded, but is beyond the point, since this action does not involve construction of the Workmen's Compensation Law.

Claimant next urges that when the injury is the proximate cause of disability, compensation should be awarded, and in support of this cites Barnsdall Ref. Co. v. Ramsdall, 149 Okla. 99, 299 P. 499; Allen v. Elk City Cotton Oil Co., 125 Okla. 142, 256 P. 898; Swift & Co. v. State Industrial Commission, 161 Okla. 132, 17 P. (2d) 435; Booth & Flynn, Ltd., v. Cook, 79 Okla. 280, 193 P. 36; Brown v. Sinclair Ref. Co., 86 Okla. 143, 206 P. 1042; Postal Telegraph & Cable Co. v. Hulsey, 132 Ala. 444, 31 So. 532; Trowbridge v. Wilson & Co., 102 Kan. 521, 170 P. 816.

These cases are authority for the rule that the employer is liable for all legitimate consequences following an accidental injury. This, however, does not relieve the employee of the burden of showing that his disability is the result of accidental injury in the first instance. If the disability is not the result of the accident, nor the legitimate consequence thereof, the employer is not required to pay compensation. This is a question of fact for the determination of the Industrial Commission from the competent evidence before it. Like any other finding of fact made by the commission, if there is competent evidence to support it, this court will not disturb it. As said in Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. (2d) 622:

"In an action to review an award of the Industrial Commission, this court will not review conflicting evidence and determine the weight and value thereof, and where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review."

This brings us to the vital contention of claimant, which is that the commission erred in sustaining a demurrer to his evidence. In support of this contention claimant relies upon the familiar rule which prevails in the trial of causes before a jury and cites 26 R. C. L., pages 1062-1063; Wallace v. First National Bank, 167 Okla. 563, 31 P. (2d) 135; Town of Canton v. Mansfield, 108 Okla. 60, 233 P. 1071; Johnston v. Dill, 162 Okla. 125, 19 P. (2d) 354, and numerous Kansas decisions which announce and apply the rule. An examination of these cases, however, reveals that they have no reference to proceedings before the State Industrial Commission. If the proceedings before the State Industrial Commission were analogous to those had in connection with jury trials, the point that claimant seeks to make would be well taken. This is not the situation. On the contrary, we are of the opinion that the proceedings before the State Industrial Commission are more nearly analogous to those had where a trial is before the court without a jury. In such case the rule applicable has been announced in Luster et al. v. First National Bank, 111 Okla. 168, 239 P. 128, as follows:

"The rule providing that in passing upon a demurrer to the evidence, in jury trials, the truth of the evidence attacked, together with all reasonable inferences and conclusions that may be drawn therefrom, must be indulged by the court, has no application to trials to the court, without the intervention of a jury."

For, as has also been said in Lowrance v. Henry, 75 Okla. 250, 182 P. 489:

"When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and when the plaintiff has introduced all his proof and rested, no right of his will be impaired, if the court then determines what has been proven."

As we have heretofore pointed out, in the proceedings before the commission, the respondent's demurrer to claimant's evidence was overruled and evidence of the respondent introduced and heard, and the proceedings before the commission herein were complete in every respect, and the order concerning which claimant complains was made after a full hearing of the evidence of both parties. While the commission could have more properly said that upon review of all of the evidence they had found that the

claimant had failed to prove any disability resulting from his accident of May, 1934, we are of the opinion that the meaning and intent of the finding and order clearly results in a determination of the issue of fact from a consideration of all the evidence, although the phraseology indicates the sustaining of a demurrer. We conclude that the commission intended to and did say that the claimant had wholly failed in his proof to establish his claim of disability; that they chose to believe the evidence before them which tended to establish the fact that claimant had never sustained any permanent injury as a result of his accident of May 17, 1934, and therefore he was not entitled to an award of compensation. In doing this the commission was acting within its province as judges of the fact and the credibility of the witnesses and the weight which they would give to the sufficiency thereof. As we have said in Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847:

"The State Industrial Commission is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor is it required to give credence to the greater amount of evidence as against the lesser."

See, also, Hubbard Drilling Co. v. Moore, 158 Okla. 130, 12 P. (2d) 897.

Since the order of the commission is supported by competent evidence and there is no error of law, this court will not disturb it.

Order sustained.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.