## SANTA FE TRANSPORTATION CO. v. VAUGHAN et al.

No. 31559. March 14, 1944.

*146 P. 2d 827.*

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, for petitioner.

Hatcher, Hatcher & Taylor, of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Santa Fe Transportation Company, petitioner herein, to review an award made to G. W. Vaughan, hereinafter called respondent.

On the 2nd day of July, 1943, the respondent filed his first notice of injury and claim for compensation, alleging that he was injured while employed as a laborer for the petitioner, and by reason of an accidental injury arising out of and in the course of his employment on June 10, 1943, he sustained a back injury by reason of which he is now permanently and partially disabled. On the 28th day of July, 1943, the State Industrial Commission found that the respondent had sustained an accidental injury by reason of which he was 7½

per cent disabled, and an award for $660 was made, and this proceeding is brought to review said award.

The petitioner raises two propositions. It is first contended that the trial commissioner erred in allowing the admission of incompetent testimony. In Banning v. Peru-Laclede Syndicate, 179 Okla. 382, 65 P. 2d 976, we stated that in a proceeding before the State Industrial Commission the strict rules as to trials before courts are not applicable and the test is whether at the conclusion of a complete hearing there is any competent evidence reasonably tending to support the finding of the State Industrial Commission.

We therefore conclude that the sole proposition presented in this proceeding is whether there is any competent evidence reasonably tending to support the finding that as a result of the accidental injury of June 10, 1943, the respondent has a compensable injury resulting in 7½ per cent permanent disability. That he sustained an accidental injury is not questioned. On July 20, 1943, the petitioner paid, on stipulation, Form 7, compensation for temporary disability. Dr. Robinson and Dr. White both testified for the respondent. They gave it as their opinion that as a result of the accidental injury of June 10, 1943, respondent was suffering from a disability permanent in nature and partial in character. Dr. Robinson fixed the percentage of disability at 15 per cent. Dr. White fixed it at 15 per cent or more. The medical testimony of witnesses called for the petitioner was to the contrary. We have held that the extent of a disability resulting from an accidental injury is a question of fact to be determined by the State Industrial Commission, and if there is any competent evidence in the record reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review. Banning v. Peru-Laclede Syndicate, supra; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; Magnolia Pet. Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622. Where the evidence

before the State Industrial Commission as to nonjurisdictional questions is in conflict, this court will not weigh the evidence to determine the sufficiency thereof. Magnolia Pet. Co. v. Watkins, supra.

The award of the State Industrial Commission is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, HURST, and ARNOLD, JJ., concur.