MARBY CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Petitioners,

v.

Mrs. Myrtle MITCHELL and State Industrial Commission of the State of Oklahoma, Respondents.

No. 36656.

Supreme Court of Oklahoma.

July 12, 1955.

Rehearing Denied Oct. 11, 1955.

Application for Leave to File Second Petition for Rehearing Denied Nov. 1, 1955.

Fenton & Fenton, H. R. Palmer, Oklahoma City, for petitioners.

Brown, Brown & Brown, McAlester, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

Mrs. Myrtle Mitchell, widow of Willie Mitchell, deceased, obtained an award under the death benefit provision of the Workmen's Compensation Act, 85 O.S.1951 § 1 et seq.; and this proceeding is brought by Marby Construction Company and its insurance carrier, United States Fidelity and Guaranty Company, petitioners, to review said award.

The record discloses that on June 25, 1953, Willie Mitchell, hereinafter called decedent, was employed by petitioner, Marby Construction Company, and was using a jack hammer in the process of digging a ditch. In the afternoon of that day he was taken home by Richard Morton, an employee of said company. Two days later Bob Byers, president of employer, took him to a hospital at Shawnee where he was examined. Thereafter he returned to work and worked until he was discharged in April of 1954. The next month he was taken to a hospital at McAlester, and on June 17, 1954, died following an operation.

Dr. L, family physician, filed a report stating that he attended decedent on June 27, 1953, and found he had sustained three hernias; that decedent gave him a history of lifting a pneumatic jack hammer weighing from 60 to 90 pounds from a ditch to a truck bed on the afternoon of June 25, 1953, while working for the Marby Construction Company on the Magnolia Lease west of Wewoka, at which time he suffered a severe strain to the abdominal wall and felt a sharp pain and tearing sensation in the stomach area. Dr. L further stated that prior to this date decedent was strong, able bodied and had no indication of hernia.

Dr. H and Dr. L V performed an operation on decedent June 10, 1954, and a second operation on June 17, 1954, the date on which decedent passed away. Decedent gave them both the same history of the accidental injury. Both of these physicians and the family physician stated that in their opinion the death was due to the accidental injury of June 25, 1953.

Mrs. Myrtle Mitchell testified that she was in Oklahoma City on June 25, 1953, but returned to her home in Wewoka and found decedent in bed; that he had always been will and able bodied prior to that time; that he was complaining of his stomach; that her daughter had called Mr. Byers, the employer's president and manager, and he came by; that Dr. V came before Byers and examined her husband and told him he needed an operation; that her husband informed Byers that he had been hurt on the job and Byers said they had better take him to the hospital. She further testified she saw two places bulging out on his stomach when he was examined by Dr. V.

Alice Faye Mitchell testified that on June 25, 1953, she was at home, which was the home of her father, the decedent, when a Richard Morton brought him home and stated that he had been hurt on the job; that she was present when Dr. V made his examination, and her father told the doctor he was hurt working with the jack hammer.

Mrs. Ferris Erwin, another daughter, called Bob Byers on June 27, 1953, and was informed by him that the company carried insurance to take care of persons who were injured and that he, Mr. Byers, was going down to see her father as soon as possible.

Bob Byers died June 6, 1954, a few days before the death of decedent. Petitioners took the deposition of Richard Morton and other employees, including the testimony of Henry C. Carroll who succeeded as manager after the death of Bob Byers, and three other witnesses. It is unnecessary to detail this evidence. It is sufficient to state that it was taken for the purpose of disclosing that neither Carroll nor Morton nor any of the witnesses employed on the Magnolia lease on June 25, 1953, knew of an accidental injury. It is not claimed that any of the witnesses were within sight of decedent at the time of the alleged accidental injury.

The foregoing is substantially the testimony offered to show that decedent sustained an accidental injury on June 25, 1953, and died as a result on June 17, 1954. Petitioners assert that it is wholly insufficient to establish: (1) That Willie Mitchell, decedent, sustained an accidental injury on June 25, 1953; and (2) That he died by reason of an accidental injury arising out of and in the course of his employment with the Marby Construction Company.

We are of the opinion and hold that there is sufficient evidence of an accidental injury. Petitioners argue that much of the testimony of the wife and daughters is hearsay. The question presented is not whether or not there is hearsay evidence in the record but whether, when all of the evidence is reviewed, it is sufficient to sustain a finding of accidental injury. Banning v. Peru-Laclede Syn., 179 Okl. 382, 65 P.2d 976; Santa Fe Transportation Co. v. Vaughan, 194 Okl. 16, 146 P.2d 827. In Silvers v. Wakefield, 176 Kan. 259, 270 P.2d 259, it is stated:

"In a workmen's compensation case, it is not required that the claimant shall establish his right to an award by direct evidence alone, or that he produce an eyewitness to the accident. Circumstantial evidence may be used to establish the claim, and it is not necessary that the circumstantial evidence should rise to that degree of certainty as to exclude every reasonable conclusion other than that found by the trial court."

We are likewise of the opinion that the evidence here is sufficient to sustain the finding that decedent died as a result of the accidental injury of June 25, 1953. The reports filed by three physicians and surgeons are to the effect that, in their opinion, the death was due to said injury. We have repeatedly held that the disability resulting from an accidental injury is to be determined from medical evidence and is a

question of fact, and, if there is any competent evidence reasonably tending to support the finding of the State Industrial Commission, an award based thereon will not be disturbed on review by this Court. State Highway Dept. v. Powell, Okl., 258 P.2d 1189; City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094; Magnolia Petroleum Co., v. Clow, 163 Okl. 302, 22 P.2d 378; Burch v. Slick, 167 Okl. 639, 31 P.2d 110, and Swift & Co. v. Brown, 202 Okl. 572, 216 P.2d 294.

Award sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON and HALLEY, JJ., concur.