## DIXON v. GASO PUMP & BURNER MFG. CO. et al.

No. 24336.  Jan. 16, 1934.

Rehearing Denied Feb. 27, 1934.

Robert W. Richards and Don Welch, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Oather O. Leach, for respondents.

BUSBY, J. In this action the petitioner (claimant before the State Industrial Commission) seeks the vacation of a decision of the State Industrial Commission. On November 26, 1932, the Commission, after a hearing upon the merits of the controversy, found:

"That the evidence is insufficient to show that claimant suffered an accidental injury arising out of and in the course of his employment."

In accordance with the above finding, the petitioner was denied compensation.

The only question in this case is whether or not the above quoted finding is supported by any competent evidence. The parties to this proceeding concede that the findings of the State Industrial Commission on questions of fact are final and conclusive if supported by any competent evidence.

Petitioner urges that there is no evidence in the record reasonably tending to support the finding of the Commission. It is contended that the evidence before the Commission conclusively establishes that the petitioner suffered an accidental personal injury arising out of and in the course of his employment as a result of carbon-monoxide poisoning while employed by the respondent, Gaso Pump & Burner Manufacturing Company.

The record discloses that the disability of the petitioner was such that its nature, cause, and extent could best be determined by the testimony of skilled and professional men, based in part, of course, upon the history of the case. At the hearing before the Commission, various physicians who had examined the claimant testified as witnesses; this testimony is not in harmony either as to the extent, cause, or nature of the claimant's disability. Some of the doctors were of the opinion that the claimant was not suffering from carbon-monoxide poisoning. Other medical testimony supporting the views that the disability was due to continued exposure to carbon-monoxide fumes over a long period of time which operated to create a condition sometimes referred to as an occupational disease as distinguished from an accidental injury.

The testimony of the claimant, considered in conjunction with medical testimony appearing in the record in support of his theory of the case, would have supported an award in favor of the claimant under the previous decisions of this court. Johnson Oil & Refining Co. v. Guthrie, 167 Okla. 83, 27 P. (2d) 814, Quality Milk Products v. Linde, 159 Okla. 256, 15 P. (2d) 58. The Commission, however, did not adopt this view of the testimony. A careful review of the evidence and a consideration of the reasonable inferences that may be drawn therefrom discloses a conflict which presented to the Commission a disputed question of fact concerning the nature, cause, and extent of the disability. It appears from an examination of the record that there is competent evidence reasonably tending to support the finding of the Commission.

No useful purpose could be served by a further discussion of the record. The responsibility to fairly, justly, and impartially carry out the provisions of the Workmen's Compensation Act rests largely with the administrative board created for that purpose. We may not always agree with the finding made by that body on controverted questions of fact, but it is within its proper province in this class of cases to weigh the evidence and determine the probative weight of conflicting inferences to be drawn therefrom. The decision will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and OSBORN, JJ., concur.