### DIXON v. GASO PUMP & BURNER MFG. CO.

No. 27427. Nov. 16, 1937.

Rehearing Denied June 21, 1938.

Application for Leave to File Second Petition for Rehearing Denied July 5, 1938.

L. L. Roberts, for plaintiff in error.

T. Austin Gavin, for defendant in error.

PHELPS, J. This action was filed in the district court of Tulsa county by Floyd H. Dixon, plaintiff in error, against Gaso Pump & Burner Manufacturing Company, a corporation, defendant in error, to recover damages for injuries alleged to have been sustained by reason of defects of the machinery or appliances connected with or used by the defendant in error. In the trial court the position of the parties was the same as that in which they now appear.

Plaintiff alleges that he was employed by the defendant as a mechanic in machine shops operated by the defendant in which was installed and in operation a Diesel engine; also, that in said shop defendant maintained and operated open gas stoves. That in the operation of the Diesel engine and the burning of the open stoves, poisonous fumes and gases were emitted which, because of improper ventilation and insufficient exhaust equipment, were released within the building in which plaintiff worked:

"That by reason of the inhalation of said poisonous fumes and gases as above set out over said period of time, * * * the plaintiff became afflicted with an occupational disease, to-wit: carbon monoxide poisoning; that said disease was a direct result of said poisoning and a direct result of the negligence and carelessness of the defendant, its agents and servants, in failing and neglecting to connect the exhaust pipe of said Diesel engine and in failing to connect said stove to flues or exhaust pipes and so ejecting said poisonous fumes and gases and thereby failing and neglecting to furnish said plaintiff a safe and healthful place in which to work.

"That by reason of the inhalation * * * plaintiff has not been able to perform any manual labor since the said 10th day of November, 1931; that plaintiff has suffered other and numerous grave and permanent injuries and afflictions, by reason whereof said plaintiff has been totally disabled and has suffered bodily and mental agony.

"* * * That since said injury plaintiff has been under the constant care of physicians and neurologists; that at the time of said injury plaintiff had a life expectancy of — years and his earning capacity had been and he could anticipate an average of $100 per month in his work as an expert mechanic and skilled laborer; that by reason of plaintiff being totally disabled he has lost and suffered damages in the sum of $15,000.

"That by reason of the above injury said plaintiff has suffered great pain and anguish, to his damage in the sum of $10,000."

The defendant answered by general denial; also that plaintiff had filed his motion for hearing against the defendant before the State Industrial Commission on the same cause of action as set forth in the petition herein; that after a hearing the Industrial Commission had entered its order finding that the evidence was insufficient to show the plaintiff sustained an accidental injury arising out of and in the course of his employment; that on appeal to this court, the findings of the State Industrial Commission were affirmed; that by virtue of the order of the State Industrial Commission, plaintiff is barred from prosecuting or maintaining the present action. The defendant also pleads contributory negligence and assumption of risk.

At the close of plaintiff's testimony, the court sustained a demurrer to the evidence and dismissed the action. From the judgment, plaintiff appeals assigning three grounds for reversal: Errors of law occurring at the trial and excepted to by the plaintiff; error of court in sustaining a demurrer to the evidence, and error in excluding competent evidence offered by the plaintiff.

Plaintiff bases his action under the common law and also under section 10890, O. S. 1931, which provides:

"An employer shall be responsible in damages for personal injury caused to an employee, who was himself in the exercise of due care and diligence at the time he was

injured, by reason of any defect in the condition of the machinery or appliances connected with or used in the business of the employer which arose, or had not been discovered or remedied owing to the negligence of the employer, or of any person entrusted by him with the duty of inspection, repair, or of seeing that the machinery or appliances were in proper condition."

The Workmen's Compensation Law enters into the discussion of the questions involved by reason of the fact that soon after the injury complained of, plaintiff filed his complaint in the State Industrial Commission for an award under the provisions of the Workmen's Compensation Law. After a hearing upon the merits, the commission found:

"That the evidence was insufficient to show that claimant suffered an accidental injury arising out of and in the course of his employment."

On appeal to this court the decision of the commission was affirmed. Dixon v. Gaso Pump & Burner Mfg. Co., 167 Okla. 401, 29 P. (2d) 764.

The defendant contends that plaintiff is estopped in the present case because of the proceeding before the State Industrial Commission. In other words, that the plaintiff having failed to establish a cause of action before the Industrial Commission, he is left without a remedy and without a forum in which to litigate his alleged cause of action. We are unable to subscribe to this contention.

In denying an award the Industrial Commission held that the proof submitted was insufficient to show an accidental injury "arising out of and in the course of employment," as the term is used in subdivision 7 of section 13350, O. S. 1931.

In other words, the Industrial Commission held that it was without jurisdiction. Counsel for defendant concedes that the Industrial Commission was without jurisdiction in the proceeding instituted by plaintiff before that tribunal. At page 11 of its brief, defendant says:

"Does counsel for plaintiff in error not realize that the Industrial Commission has no jurisdiction over cases which are the result of occupational diseases? If it be true, and we take it we need not support our position by any citation of authority, why could the Supreme Court of this state have concluded that a holding or award of the Industrial Commission would have been affirmed when, if counsel for plaintiff in error is correct, the Industrial Commission would have been exercising a power and authority and jurisdiction not reposed in it by the laws of this state?"

This court sustained the decision of the Industrial Commission and the decision is in line with the holding of this court in Thomas v. Ford Motor Co., 114 Okla. 3, 242 P. 765, wherein, in the syllabus, we said:

"Section 7283, Compiled Oklahoma Statutes 1921, as amended by chapter 61, Session Laws of Oklahoma 1923, provides, by section 1 thereof, that compensation as provided for in the Workmen's Compensation Act shall be payable for injuries sustained by employees engaged in hazardous employments, and paragraph 7, of section 7284, Compiled Oklahoma Statutes 1921, defines 'injury' and 'personal injury' to mean only accidental injuries arising out of and in the course of employment and such diseases and infections as may naturally result therefrom; construed in connection with section 7285, Compiled Oklahoma Statutes 1921, providing compensation for disability resulting from an accidental personal injury, makes the foundation of such compensation claim a casualty, and excludes occupational diseases as a basis of such compensation."

In Vaughn & Rush v. Stump, 156 Okla. 125, 9 P. (2d) 764, this court, quoting from Peru Plow & Wheel Co. v. Industrial Commission, 311 Ill. 216, 142 N. E. 546, held:

"'Occupational diseases' are not covered by the Compensation Act, although not all diseases are to be excluded therefrom; an occupational disease being a diseased condition arising gradually from the character of the employee's work, but it is not an 'accident'. 'An accident', as contemplated by the Compensation Act, is distinguished from an occupational disease, in that it arises by some definite event, the date of which can be fixed with certainty, but which cannot be so fixed in the case of occupational diseases." Wilson, Inc., v. McGee, 163 Okla. 99, 21 P. (2d) 25.

In 28 R. C. L., par. 117, it is held:

"Where the right to an award of compensation of injury or death exists by virtue of the provisions of the Workmen's Compensation Act, the remedy for its enforcement is by many of the statutes made exclusive, and no action at law may be instituted against the employer. But if for any reason the statute is inapplicable to the case, the employee may have recourse to his common-law remedy."

The foregoing is in harmony with the latter part of section 13402, O. S. 1931, which provides:

"* * * That for any injury for which compensation is not provided under the provisions of this act the injured party shall have the right of action in the courts

for his damage on account of such injuries."

At the close of the evidence offered on behalf of the plaintiff, the trial judge sustained defendant's demurrer and rendered judgment for the defendant. It is now contended that the trial judge erred in such action. The action of the trial judge was based upon the ground that the evidence presented by plaintiff did not make a case sufficient to be submitted to the jury.

On the trial the plaintiff testified substantially as follows: That for approximately a year and a half prior to the time he ceased work he had suffered from carbon monoxide gas escaping into the work room of the defendant. That the fumes from the escaping gas affected his eyes and resulted in severe headaches; that the exhaust pipes to the engine were left off or disconnected for a long period of time; that frequently, as a result of the escaping gas, plaintiff was compelled to leave the building in which he worked; that he advised a Mr. Brown, assistant foreman for the defendant, of the condition of the machinery and of the effect the escaping gas was having on the plaintiff.

Dr. T. E. Roberts testified for the plaintiff, in substance, as follows: That he had known the plaintiff for eleven or twelve years and was his family physician; that prior to the contraction of the alleged disease plaintiff was a strong able-bodied man; that in October or November, 1931, he examined the plaintiff and diagnosed his case and found that he was suffering from chronic or acute carbon monoxide poison; that in his opinion plaintiff would never recover from the disease.

Dr. Ned R. Smith testified as follows:

"Q. What, in your opinion, Doctor, was that man's condition, when he first came to you, and what had caused it? A. Based upon the history of the examination, findings, and the objective and subjective condition of the man, he was suffering from a severe melitis, probably toxic in origin, the agent being carbon monoxide gas. Q. Carbon monoxide gas? A. Yes, sir. Q. In your opinion. Doctor. has this man permanently lost his physical strength to carry on any gainful occupation? A. He is a hopeless invalid."

Dr. Felix M. Adams testified substantially as follows: That he had diagnosed plaintiff's case and determined that he had a melitis and softening of the spinal cord; that in his opinion the disease was caused by carbon monoxide poisoning. The doctor testified further that in his opinion plaintiff was permanently and totally disabled.

In Sartain v. Walker, 60 Okla. 258, 159 P. 1096, we said, in the syllabus:

"When the evidence offered by the plaintiff is sufficient to make a prima facie case, it is reversible error on the part of the trial court to sustain a demurrer thereto.

"It is a well-settled rule that a demurrer to the evidence admits all the facts which the evidence tends to prove or of which there is any evidence, however slight, and all inferences which can be logically and reasonably drawn from the evidence.

"* * * If the inference to be drawn from the evidence is a reasonable one, although not a necessary one, the court will not invade the province of the jury by taking from it the right to pass on the facts to be deduced from such inference. A demurrer to the evidence not only admits the truth of the evidence of the demurree, but also all the facts which the evidence in any degree tends to prove, and is a waiver of all the evidence of the demurrant which conflicts with that of his adversary and of inferences from his own evidence."

We quote approvingly from Burghardt v. Detroit United Railway (Mich.) 173 N. W. 360, 5 A. L. R. 1334:

"This court has not adopted the rule res ipsa loquitur We have uniformly held that the happening of the accident alone is not evidence of negligence; and we have as uniformly held that negligence may be established by circumstantial evidence, and that, where the circumstances are such as to take the case out of the realm of conjecture and within the field of legitimate inferences from established facts, that at least a prima facie case is made."

We are therefore, of the opinion that, under the petition and the evidence presented in the trial of the cause, plaintiff made a prima facie case against defendant, and when defendant did not introduce evidence, the trial court erred in rendering judgment against plaintiff in favor of the defendant.

The cause is reversed and remanded, with directions to proceed in conformity with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.