## BONHAM v. SOUTHERN ROCK ASPHALT CO. et al.

### No. 28019. March 22, 1938.

Leo J. Williams, for petitioner.

H. V. Lewis and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Leo Bonham, hereafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which denied his claim to further compensation against Southern Rock Asphalt Company, hereafter referred to as respondent. The sole question presented for determination is whether the order is justified under the record. The parties seek to apply those cases wherein the rule with respect to the necessity of some competent evidence to sustain the finding and award is essential. Such cases, for the reason which will hereafter appear, however, have no application to the record before us.

The essential facts as shown by the record will be briefly related. On September 21, 1935, the petitioner, while in the employ of the respondent, and engaged in a business defined as hazardous by the Workmen's Compensation Law, sustained an accidental personal injury consisting of a strain or sprain in his right side which resulted in a hernia. The respondent furnished medical attention and had an operation performed on petitioner which successfully corrected his hernia. On January 1, 1937, the State Industrial Commission gave petitioner an award of compensation for the period of temporary total disability which he had sustained as a result of his hernia. The petitioner was unsuccessful in his efforts to get this award vacated, modified, or set aside. The award was thereafter paid to and accepted by the petitioner. Thereupon, on March 5, 1937, the petitioner applied to the State Industrial Commission for an award on account of permanent disability which he alleged had resulted from his prior injury. The commission, on June 22, 1937, after hearing the evidence offered by the petitioner, and upon review of the records on file in said cause, was of the opinion that the evidence was insufficient to show that the petitioner had sustained any permanent disability as the result of his injury, and consequently denied petitioner any further compensation. This is the order which we are called upon to review. At the hearing held by the commission to determine the permanent disability of petitioner, if any, the burden rested upon the petitioner to establish by competent evidence his claim that he was permanently disabled. The only competent evidence which the petitioner offered on this issue was the testimony of Dr. LeRoy Long, Sr. This witness, however, declined to testify that the petitioner was permanently disabled, but merely gave it as his opinion that the petitioner would have a permanent partial disability of not less than 50 per cent. in the event that he failed to receive any further treatment for his condition. This evidence established merely a possible but not an existent fact, and therefore constituted a failure of proof on the part of the petitioner upon the issue vital to his claim. The order which the commission made reflects that it was based upon the absence of any competent evidence offered by the petitioner which would be sufficient to sustain an award in his favor. If the commission could not under the petitioner's evidence make an award for him, a fortiori, it was compelled to hold against him. We are of the opinion that the record amply supports the conclusion reached by the commission. In view of this conclusion and the failure of the petitioner to point out any error of law in the order, it is our duty to sustain it.

The order is sustained.

BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, and HURST, JJ., concur.