## COOK v. STATE INDUSTRIAL COMMISSION et al.

*96 P. 2d 1038.*

No. 29098. Nov. 21, 1939.

Rehearing Denied Dec. 12, 1939.

Glenn O. Young, for petitioner.

Bridges & Parry and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original action brought by Jim H. Cook against Southern Ice & Utilities Company, employer, and Travelers Insurance Company, insurance carrier, respondents, denying an award to the petitioner.

On the first day of December, 1925, the employer filed employer's first notice of injury and therein described an accidental injury to the petitioner as occurring on November 6, 1925, at 9 o'clock a. m. Therein the injury was stated to be displacement of muscles of the back due to a strain while lifting heavy timbers. The attending physician's report was filed December 11, 1925, and the injury was described as in the

foregoing employer's first notice of injury. On December 2, 1925, there was filed a report of initial payment by the employer and insurance carrier. This initial payment disclosed that $9.61 had been paid to the respondent, which covered a period from November 11, 1925, to and including November 16, 1925. It also listed the average weekly wage of the respondent as $21.63, and the weekly rate of compensation at $14.42. On the 3rd day of December, 1925, there was executed and filed final receipt and stipulation and report on Form 7 disclosing a payment of $9.61, as above referred to, and stating that it was for four days of disability. This Form 7 was signed by the employer, the insurance carrier, and the petitioner. Nothing further appears in the record subsequent to the filing of forms above referred to until March 24, 1938, when the petitioner filed what is called an amended claim and motion to reopen. It alleged in substance the foregoing facts as to the date of injury and the settlement, and therein petitioner asks for a determination of a permanent disability. Hearings were conducted at McAlester on July 13, 1938; at Holdenville, September 28, 1938; and at Oklahoma City on December 7 and 19, 1938, and in addition thereto the depositions of Drs. Longmire and Lampton taken on December 1, 1938, were introduced as a part of the record. Following these hearings, the State Industrial Commission denied an award in an order dated January 30, 1939, on the ground that the evidence was insufficient to establish that petitioner had any disability as a result of the injury of November 6, 1925, and petitioner seeks to vacate said order denying the award.

The facts revealed by the record, in addition to those set out above, are substantially that subsequent to the execution and filing of Form 7, petitioner remained with the employer for several years until his discharge in 1937. During this time he frequently complained of his back, and according to his own testimony was repeatedly cautioned by his employer to stop filing claims. No other claim was filed for any back injury or other disability than the one alleged to have occurred on November 6, 1925, except one received on October 10, 1924, for which settlement had formerly been made.

Although the petitioner has cited authorities dealing with other issues, including: (1) the right to grant a permanent award after an award for temporary disability has been made; (2) the continuing jurisdiction of the State Industrial Commission to enter an award upon a change of condition after the filing of the original claim; (3) the sufficiency of the finding of fact by the State Industrial Commission that a subsequent accident lighted up and aggravated a prior condition, we are of the opinion that the sole question presented is the alleged error of the State Industrial Commission in making the finding that the evidence was insufficient to establish a disability as the result of an accidental injury of November 6, 1925.

The burden was upon the petitioner to establish before the State Industrial Commission that he had a permanent disability as the result of the accidental injury of November 6, 1925. The petitioner in effect argues that the evidence is conclusive that he sustained an accidental injury on November 6, 1925, and as a result thereof has a permanent disability. The petitioner himself introduced evidence of an injury prior to November 6, 1925, for which he received payment, and on cross-examination admitted another injury while working for a different employer prior to this date. On several occasions he referred to other injuries subsequent to the date of November 6, 1925, for which no claims were ever filed insofar as the record discloses. Six physicians testified for the petitioner, and only two of these attempted to connect his disability with any injury received by him. On December 1, 1938, Drs. Longmire and Lampton gave their depositions, in which they stated that they had examined the petitioner on August 15, 1938. The effect of their testimony, if believed, would be to establish a permanent disability by reason of ag-

gravation of a prior injury by the accidental injury of November 6, 1925, although the character of their testimony itself is not free from vagueness and uncertainty. The commission did not see fit to believe their testimony. We have said that the finding of the State Industrial Commission on a disputed question of fact will not be disturbed by this court unless there is no evidence in the record reasonably tending to support the same. Perez v. Globe Ins. Co., 130 Okla. 45, 265 P. 114; Raulerson v. State Industrial Commission, 76 Okla. 8, 183 P. 880; Hunt v. Magnolia Pet. Co., 99 Okla. 264, 226 P. 1052; Banning v. Peru-Laclede Syn., Inc., 179 Okla. 382, 65 P. 2d 976; Burch v. Slick, 167 Okla. 639, 31 P. 2d 110; Bonham v. Southern Rock Asphalt Co., 182 Okla. 306, 77 P. 2d 697; Hollis v. Mid-Continent Oil Corp., 174 Okla. 544, 51 P. 2d 498; Turner v. State Industrial Commission, 174 Okla. 486, 50 P. 2d 668; Dixon v. Gaso Pump & Burner Mfg. Co., 167 Okla. 401, 29 P. 2d 764.

In Dixon v. Gaso Pump & Burner Mfg. Co., supra, it was contended, as it is contended here, that the only competent evidence shows that the injured employee was entitled to an award. Therein, in approving the order denying the award, the court said:

"A careful review of the evidence and a consideration of the reasonable inferences that may be drawn therefrom discloses a conflict which presented to the commission a disputed question of fact concerning the nature, cause, and extent of the disability. It appears from an examination of the record that there is competent evidence reasonably tending to support the finding of the commission."

Such is the situation in the case at bar. Under the facts and circumstances disclosed by the record and the reasonable inferences to be deduced therefrom, the State Industrial Commission was authorized to believe such witnesses as it chose to believe. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847. In the light of the testimony of the witnesses and the admission of the petitioner to the effect that he had sustained other injuries both while in the employ of the Southern Ice & Utilities Company, prior to and subsequent to the date of the alleged injury, and had also on his own admission sustained at least one other injury while working for a different employer, we cannot say that there is no competent evidence in the record reasonably tending to support the finding of the Industrial Commission that the petitioner has no permanent disability as a result of the accidental injury alleged to have been sustained by him.

The order denying the award is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DAVISON, JJ., concur.