STANDIFER v. STANDIFER.

No. 30915.  May 18, 1943.

Rehearing Denied June 29, 1943.

*138 P. 2d 825.*

Zink & Cunningham, of Hobart, for plaintiff in error.

Rollie D. Thedford and Frank Wilton Jones, both of Oklahoma City, for defendant in error.

CORN, C. J. The parties will be referred to herein as they appeared in the trial court, plaintiff in error, defendant, and defendant in error, plaintiff.

The defendant was found guilty of contempt by the district court of Kiowa county, and sentenced to serve a term of six months in the county jail.

The plaintiff and defendant were formerly husband and wife. On April 1, 1936, the plaintiff was granted a divorce and exclusive custody of their minor child, Barbara Ann, about five years of age, and the defendant ordered to pay $15 per month to the plaintiff for support of the said child, until she reached the age of 18, and $25 attorney fee and costs.

On October 23, 1937, a contract was entered into by the plaintiff, Dorothy Standifer Hite (she having remarried), and the defendant along with his father, one J. M. Standifer, whereby the decree of April 1, 1936, was modified, the plaintiff agreeing to accept $10 per month for the support of the minor child, with the further agreement on her part that J. M. Standifer have custody of said minor child for one month each year. Said agreement was approved by the court. On the 22nd day of October, 1940, the plaintiff filed a motion to modify and an application for citation. October 26, 1940, citation was issued. A jury was waived and cause tried to the court and defendant found guilty, and sentenced to serve a term of six months in the county jail.

One of the assignments of error is:

"That the judgment of the court below is not sustained by the evidence and is contrary to the evidence and to the law."

The plaintiff alleged in her motion to modify and application for citation that defendant has willfully failed and refused to abide by the order of the trial court in the payment of certain child support moneys, to wit:

"The plaintiff further shows that the said defendant is in default the sum of $50 for the year of 1938, and the further sum of $60 for the year 1939, and that during the year of 1940, the defendant has paid no money for the months of July, August, September, and October."

The defendant filed his response to the motion, alleging that he was physically incapacitated, was unable to secure employment, was unable to secure further financial aid from his father, one J. M. Standifer, and that the defendant's failure to pay the sums of money as ordered by the court has not been willful.

The evidence conclusively shows that said defendant was incapacitated by paralysis, and that defendant has suffered from such disease since birth; that he had attempted to secure employment and financial aid from his father, in order to make such payments and comply with the order of the court; and such evidence was undisputed by the plaintiff, or by any witness, and was amply supported by the other witnesses in his behalf, to the effect that he is totally blind in the left eye, with only 40 per cent vision in the right eye; that he is almost totally paralyzed on his left side; that one reason the defendant is unable to secure employment is because he is unable to pass the physical examination required by most employers. Further, that the defendant is mainly supported by his father and mother and that he lives in their home; that defendant's income is almost nil, not sufficient to purchase food and clothing and shelter for himself. There is no testimony or evidence to show that defendant's failure to comply with the order of the trial court is willful.

In the case of Fleming v. Drew et al., 88 Okla. 160, 212 P. 306, quoting from the second and third paragraphs of the syllabus, this court held:

"2. When the evidence is uncontradicted, and not inherently improbable, either in itself, or when taken in con-

nection with circumstances, the court is not at liberty to disregard it.

"3. Where the evidence upon a certain question is uncontradicted and not inherently improbable, either in itself or in connection with any other circumstances, but conclusively establishes the facts presented, it is error to submit questions of fact to the jury, but the court should advise the jury of the conclusive nature of said evidence."

Judgment reversed.

GIBSON, V. C. J., and OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.