NELSON v. CARTER OIL CO. et al.

No. 31306. Nov. 23, 1943.

Rehearing Denied April 3, 1945.

*157 P. 2d 163.*

Claud Briggs, of Oklahoma City, for petitioner.

L. G. Owen, Forrest M. Darrough, Joseph L. Seger and Harry C. Chapman, all of Tulsa, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is a proceeding commenced by John R. Nelson, hereinafter called petitioner, to review an order of the State Industrial Commission denying an award on an application for the determination of a disability as the result of an accidental injury.

On the 14th day of June, 1939, the State Industrial Commission entered its order finding that the petitioner sustained an accidental injury arising out of and in the course of his employment on the 21st day of July, 1938, but that he lost no time from his employment, and that the condition from which he was suffering was not directly or indirectly the result of said accidental injury. On appeal to the entire commission this order was sustained under date of August 6, 1939. Thereafter, on October 30, 1941, petitioner filed his application to reopen the cause, and on March 25, 1942, the State Industrial Commission, after conducting a complete hearing as to the extent of the disability, refused to reopen the cause, whereupon petitioner appealed to this court. The cause was remanded to the State Industrial Commission to determine whether or not subsequent to June 14, 1939, there had been any change in condition, or any permanent disability as the result of the accidental injury. See Nelson v. Carter, 191 Okla. 388, 130 P. 2d 289.

On the 13th day of November, 1942, the mandate was received by the State Industrial Commission, after which a notice of hearing was given, and on the 11th day of January, 1943, the State Industrial Commission entered an order denying any further award and finding that there had been no disability as the result of the accidental injury of July 21, 1938, and this proceeding is brought to review said order.

In the proceeding to vacate the order the petitioner presents but one issue, to wit, that there is no competent evidence reasonably tending to support the order of January 11, 1943.

No evidence was introduced following the notice of the hearing after the mandate was received by the State Industrial Commission except the record of the evidence taken in the proceeding prior to the order of March 25, 1942.

It was stipulated by the parties that the evidence taken at the hearings should be introduced in evidence and considered as the evidence on application for an additional award.

We are of the opinion, and hold, that there is competent evidence in the rec-

**318**

ord to sustain the finding of the State Industrial Commission that the disability that petitioner has is not the result of the accidental injury of July 21, 1938. Although the court has held that where the circumstances of the case are such that a finding is had that the injuries are only temporary and it later develops that the injuries are permanent an award for permanent disability may be made, see Williams Bros. v. Addison, 163 Okla. 264, 21 P. 2d 1047; Pure Oil Co. v. State Industrial Commission, 181 Okla. 176, 72 P. 2d 779, we have held that the cause and extent of the disability resulting from an accidental injury are questions of fact for the determination of the State Industrial Commission and that the findings will not be disturbed if there is any competent evidence reasonably tending to sustain the order. The burden was on the petitioner to establish that he had a permanent disability as a result of the accidental injury on July 21, 1938. Cook v. State Industrial Commission, 186 Okla. 157, 96 P. 2d 1038. The petitioner stipulated that the record of the evidence on the former hearings should constitute the evidence before the State Industrial Commission. There was no attempt by the petitioner to introduce any other evidence of any disability resulting from the accidental injury of July 21, 1938.

There is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission.

The order is sustained.

CORN, C. J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. BAYLESS, J., absent.