NORTH AMERICAN ACCIDENT INS. CO. v. CALLICUTT, Ex'r.

No. 34702.    Feb. 5, 1952.

*240 P. 2d 751.*

---

A. James Gordon, McAlester, for plaintiff in error.

Arnote, Arnote & Bratton, McAlester, and Steele & Boatman, Okmulgee, for defendant in error.

BINGAMAN, J. This is an action by D. V. Callicutt, executor of the last will and testament of D. C. Callicutt, deceased, against North American Accident Insurance Company to recover death benefits under an accident insurance policy.

The record discloses that the policy was issued and delivered to insured on August 1, 1946. The policy among other things indemnified insured for loss of life occurring by accidental means in the sum of $1,500. The estate of insured is made beneficiary in the policy.

On the 29th day of April, 1949, D. C. Callicutt died in Henryetta, Oklahoma, as the result of gunshot wounds inflicted upon his person by Elizabeth Ann Willard. Death occurred in the home of Mrs. Willard. Apparently he and Mrs. Willard were the only persons present when the shooting occurred. At the time of and prior to the death of Mr. Callicutt he was the owner of a restaurant in the city of Henryetta which was operated by him and Mrs. Willard.

In due time after the death of D. C. Callicutt plaintiff was appointed executor of his estate as designated by the will of deceased. Proof of death was timely made by the executor and payment of benefits provided by the policy demanded, but liability was denied by defendant on the ground that death of deceased was not caused by accidental means.

The above facts are in substance pleaded by plaintiff in his petition and in addition thereto he alleges that the shot which killed deceased was fired by Mrs. Willard and that the shooting by Mrs. Willard did not arise out of any difficulty provoked or brought about by deceased.

Plaintiff established the following facts by the sheriff of Okmulgee county: On the night of April 29, 1949, about 7:30 he received a call from Bob Willard, brother of Mrs. Willard's former husband. He went to the home of Mrs. Willard and upon arrival found Mrs. Willard there. He discovered the body of David C. Callicutt lying in a closet opening from a bedroom located on the north side of the house. He made an investigation as to the cause of death and upon such investigation he concluded that Callicutt had been killed in the bedroom on the southeast side of the house and the body thereafter moved for a distance of approximately 30 feet and placed in the closet. He found blood on the bed in the southeast bedroom. It looked as though someone had been trying to clean it up. He found a gun, a 38 Owl-Head pistol, five-shot, with two bullets left, in the home of Mrs. Willard. Deceased was shot twice in the head. He found a bullet in a pillow saturated with blood which Mrs. Willard told him was taken from the

southeast bedroom and placed in the closet where the body of deceased was found. There was a bullet in the floor of the closet under Callicutt's head and a bullet was found under the closet floor. The deputy sheriff testified substantially to the same state of facts as did the sheriff.

The defense is based on the theory that insured brought about and provoked the difficulty which resulted in his death and it cannot be said that his death was caused by accidental means within the meaning and terms of the policy in question.

Prior to the trial defendant filed a motion for a continuance based on the ground of the absence of Mrs. Willard from the county. In the affidavit counsel stated the facts which the witness would testify to if present. Counsel for plaintiff then admitted that if Mrs. Willard were present she would testify to the facts as stated in the affidavit and agreed that the statements made in the affidavit might be read to the jury at the trial as her evidence in the case, but did not agree to the truthfulness of the statements therein contained. The trial court did not rule on the motion for continuance but the case went to trial and defendant with the permission of the trial court read the facts stated in the affidavit to the jury as the evidence of Mrs. Willard. Her testimony as stated in the affidavit is in substance as follows: that on April 29, 1949, David C. Callicutt came to her home uninvited, entered her bedroom and without provocation committed an assault upon her, and threatened to kill her with a revolver which he carried in his hand; that he thereupon fired two shots at her with the revolver; that she defended herself against such assault and succeeded in obtaining possession of the revolver and in the ensuing altercation and difficulty she fired the revolver in self-defense, and that Mr. Callicutt died of gunshot wounds inflicted during the course of this difficulty. Incidentally, counsel in the affidavit for continuance stated that the

statements to which Mrs. Willard would testify if present were taken from her testimony given at the trial of the case in the district court of Okmulgee county when she was tried for the murder of Mr. Callicutt, and of which charge she was then acquitted. This was the only evidence offered by defendant.

At the conclusion of the evidence defendant requested the trial court to direct a verdict in its favor. The request was denied and the case submitted to the jury and a verdict was returned in favor of plaintiff.

Defendant appeals and relies for reversal on the sole ground that the court erred in denying its request for a directed verdict. We think the court ruled correctly in this respect. The evidence taken as a whole was sufficient to take the case to the jury under proper instructions as to whether deceased's death was caused by accidental means. The court correctly instructed on the law of the case. No complaint is made as to the instructions.

The general rule is that death is accidental within the meaning of an accident insurance policy indemnifying insured against loss of life caused by accidental means when death results from an injury inflicted intentionally by another if insured has not brought about or provoked the difficulty causing his death and was not the aggressor in such conflict. Union Accident Co. v. Willis, 44 Okla. 578, 145 P. 812; Lincoln Health & Accident Ins. Co. v. Johnigan, 114 Okla. 223, 245 P. 837; National Life & Accident Ins. Co. v. Reese, 186 Okla. 133, 96 P. 2d 1058.

On the other hand, if insured intentionally and voluntarily provokes a difficulty in which he is the aggressor and as a result thereof he receives injuries resulting in his death, it cannot be said that death was caused by accidental means. See 29 Am. Jur. Insurance, §980; Meister v. General Accident, Fire & Assurance Corp., Ltd. of Perth, Scotland, 92 Ore. 96, 179 P.

913, and numerous authorities therein referred to.

It is contended by defendant that the evidence in the present case brings it within the latter rule above announced. It is asserted that the evidence offered by plaintiff only established that deceased came to his death as the result of a gunshot wound inflicted upon him by Mrs. Willard; that this evidence did no more than establish a disputable presumption of fact that insured's death was caused by accidental means and was sufficient to make out a prima facie case; that the burden then shifted to it to go forward with the proof and prove the contrary and that it has met and discharged this burden and has established by clear and convincing evidence which is undisputed that deceased's death was caused by a difficulty which he provoked and in which he was the aggressor.

We do not agree that the testimony of Mrs. Willard is uncontradicted and undisputed.

In Ironside v. Ironside, 188 Okla. 267, 108 P. 2d 157, and in Warren v. Griffing, 200 Okla. 108, 190 P. 2d 1014, we said that evidence was not regarded as undisputed if at variance with the facts and circumstances or reasonable inferences to be drawn therefrom.

In the instant case the testimony of the sheriff as to conditions he found existing in the home of Mrs. Willard when he arrived there strongly contradicts Mrs. Willard's account of the killing of Callicutt, and tends to establish that the first bullet was fired through Callicutt's head as he lay on the bed with his head on the pillow which was afterwards found in the closet where the body was found, and that his body was then dragged or carried into the closet in the north bedroom where another shot was fired through his head, the bullet being recovered from underneath the closet floor. Furthermore, the testimony of Mrs. Willard that Callicutt fired two shots at her from the five-shot revolver is absolutely contradicted by the fact that two shots were fired through Callicutt's head and two undischarged cartridges were found in the chamber of the pistol by the sheriff.

Thus the facts and circumstances as testified to by the sheriff disputed and contradicted the testimony of Mrs. Willard, and justified the trial court in submitting the case to the jury.

In Midland Valley R. Co. v. Barton, 191 Okla. 359, 129 P. 2d 1007, we said that circumstantial evidence in civil cases, to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury. Measured by this rule the verdict of the jury is sufficiently sustained by the evidence.

Affirmed.

HALLEY, V.C.J., and WELCH, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.