**WHITE v. HALE-HALSELL CO. et al.**
No. 35433.

Supreme Court of Oklahoma.

June 30, 1953.

Rehearing Denied Dec. 22, 1953.

Application for Leave to File Second Petition for Rehearing Denied Jan. 19, 1954.

Lewis M. Watson, of Ada, for petitioner.

Crouch, Rhodes & Crowe, of Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

On the 15th day of January, 1951, claimant filed his first notice of injury and claim for compensation stating that on August 10, 1950, he sustained an accidental injury arising out of and in the course of his employment when he was lifting and moving heavy bulk merchandise in a warehouse of a mercantile establishment belonging to respondent, Hale-Halsell Company in Ada, Oklahoma. After hearings before the trial commissioner a finding was made that claimant had sustained an accidental injury arising out of and in the course of his employment and an award was entered in accordance with the finding. On appeal to the Commission en banc the award was vacated and the State Industrial Commission made the following finding:

"That the claimant herein did not sustain an accidental personal injury as contemplated by the provisions of the Workmen's Compensation Law as alleged on or about August 10, 1950, and that any disability that the claimant may have is not the result of an accidental personal injury, and his claim for compensation should be denied."

The proceeding is brought to review the order denying the award.

Claimant testified that he was standing on a truck stacking canned goods; that the stacks were over his head, ten or twelve feet high; that he stood on a truck to reach the top of the stack; that a case of number two cans fell from the top of the stack and struck him on the chest knocking the breath out of him; that he fell from the truck to the floor; that Raymond L. Whitaker came from a stack in another aisle and asked him what was the matter and claimant told Whitaker what had happened; that he walked outside the building and rested and smoked for twenty or thirty minutes; that Whitaker went outside with him and smoked; that this occurred approximately two weeks before claimant and his family took a vacation in Arkansas; that he suffered another attack in his chest on September 3, 1950, following a walk while on vacation; that he went to a ball game on the night of September 7th thereafter and suffered another attack. He was taken home and

hospitalized and operated by Dr. Gullatt and remained in the hospital intermittently until December of 1950, a total of 69 days.

Raymond L. Whitaker testified by deposition that he lives in San Diego, California; that at the time of the accident he was foreman of the employer (the statement that he was foreman is denied by the employer); that he was checking stock when he heard a rumbling as of falling cases; that he found claimant getting up from the floor and trying to get his breath. This lasted for about a minute and claimant and witness went outside and rested for twenty or thirty minutes. Claimant told witness that a case fell on him and hit him in the chest and knocked him off the truck down on the floor and knocked the wind out of him.

Dr. E. M. Gullatt testified that he first saw claimant September 8, 1950. In October 1950 claimant was operated and blood was removed from his chest cavity. Dr. Gullatt did not attempt to fix the cause of claimant's disability. He testified that claimant gave him a history of an attack following a walk while on vacation September 3, 1950, and an attack on the night of September 7, 1950, at a ball game in Ada. He stated that claimant did not give him a history of being injured in his employment but that the doctor did not ask him if he had sustained any injury in his employment. The doctor stated that he found no external evidence of any injury that would cause a rupture.

Dr. William T. Gill testified for claimant and stated that the disability was due to the accidental injury of August 10, 1950.

Dr. C. D. Moore testifying for respondents stated that he examined claimant on February 26, 1951. At that time claimant gave him quite a lengthy history and told of treatment received under Dr. Gullatt including the operation. Dr. Moore described the operative scar and stated that although told of the accidental injury in August, he wasn't certain as to the date, that he did not connect the disability for which the operation was performed with the injury in August because there was no weakness and accompanying symptoms such as shortage of breath or exhaustion and the fact that claimant remained on duty

until he went on his vacation and had an attack in Arkansas after the walk related by claimant indicated to the doctor that the disability resulted from other causes than an injury; that because the symptoms subsided and did not evidence themselves until September 7, 1950, indicated to the doctor that the disability was due to disease. The doctor was asked if he knew claimant was knocked from the truck to the floor. He stated this did not change his opinion as to the cause of the disability.

Claimant never requested any medical attention from the employer or the insurance carrier. He does not claim that he made any report of any injury other than the conversation had at the time of the accident with Raymond Whitaker.

It is first argued that the finding that no disability resulted from the accidental injury is not supported by any competent evidence. In Turner v. State Industrial Commission, 174 Okl. 486, 50 P.2d 668, 669, it is stated:

"Since it was the contention of the petitioner that he had sustained an internal injury which was the cause of his disability and he was seeking compensation on this theory, the facts before the commission for determination were of such nature as to require proof thereof by the testimony of skilled and professional persons. J. J. Harrison Construction Co. v. Mitchell, 170 Okl. 364, 40 P.2d 643. It is therefore necessary to consider only the evidence of the medical witnesses to determine whether there was any competent evidence before the commission reasonably tending to support the finding made by it. * * *"

Claimant argues that Dr. Moore assumed a set of facts different to those detailed both by the witness Raymond Whitaker and claimant; that therefore the testimony of Dr. Moore is of no probative value. We do not agree. This assertion is based on the ground that claimant testified that the case of canned goods struck him in the chest and that he fell from the truck to the floor. On cross-examination Dr. Moore was asked if he assumed the claimant had sustained a fall. Dr. Moore

stated that he talked at length with claimant and was told by him that he caught the case of canned goods partly in his arms. He then stated however that the testimony of claimant and Raymond Whitaker that claimant had fallen did not change his opinion.

We have recognized the rule that the medical expert witnesses must assume a set of facts substantially as supported by the testimony before the opinion is competent evidence to support a finding of the State Industrial Commission. Claimant never testified that he was hurt by a fall. He stated definitely that he was hurt by the striking of his chest by the case of canned goods. We are of the opinion that the testimony of the medical expert witness Dr. Moore is based substantially upon the evidence submitted by claimant. There is competent evidence to sustain the finding of the State Industrial Commission. In this connection see Banning v. Peru-Laclede Syndicate, 179 Okl. 382, 65 P.2d 976; Johnson v. Ben Franklin Refining Co., 194 Okl. 347, 151 P.2d 428; Hollis v. Mid-Continent Petroleum Corp., 174 Okl. 544, 51 P.2d 498; Nelson v. Carter Oil Co., 195 Okl. 317, 157 P.2d 163.

Claimant next argues that since Raymond L. Whitaker and claimant both testified that there was an accident this testimony cannot be disbelieved and therefore there is no competent evidence in the record to sustain the finding of the State Industrial Commission that claimant did not sustain an accidental injury. We shall discuss this proposition in connection with another contention, to-wit, that the finding of the State Industrial Commission is so indefinite and uncertain that the cause must be remanded to the State Industrial Commission with directions to make the findings more specific in accordance with the opinion of this court in Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625 and related cases. In support of the theory that the evidence is uncontradicted claimant cites North American Accident Ins. Co. v. Callicutt, 206 Okl. 10, 240 P.2d 751; Standifer v. Standifer, 192 Okl. 669, 138 P.2d 825; Taggart v. Snipes, 174 Okl. 449, 50 P.2d 640. The rule recognized in those cases is not applicable here. We

have discussed a similar situation in Souder v. Mid-Continent Petroleum Corp., 187 Okl. 698, 105 P.2d 750. Therein it is stated:

"* * * It is not our understanding that the State Industrial Commission found that the petitioner did not happen to an accident on the 30th day of May, 1938. Section 13349, O.S. 1931, 85 Okl.St.Ann. § 2, has a definite meaning. It includes the disability resulting from the injury, which is the only thing for which the State Industrial Commission is authorized to make an award. * * *"

The question submitted to the State Industrial Commission was the cause of the claimant's disability. There was competent evidence to support the finding of the State Industrial Commission that the accident in August 1950 did not cause this disability. This, in effect, was the finding of the State Industrial Commission. The award was therefore not indefinite and uncertain within the meaning of Corzine v. Traders Compress, supra.

The above discussion renders unnecessary another question presented, to-wit, that the employer was not prejudiced by failure to give the 30 day statutory written notice provided by statute, 85 O.S. 1951 § 24.

Order denying the award sustained.