Robert W. DIXON, Plaintiff in Error,

v.

OUTBOARD MARINE CORPORATION, a Delaware Corporation; and Holiday Hills Country Club, Inc., an Oklahoma Corporation, Defendants in Error.

No. 42456.

Supreme Court of Oklahoma.

Dec. 23, 1970.

Rehearing Denied March 2, 1971.

Floyd L. Walker, Tulsa, for plaintiff in error.

Rucker & Tabor, Tulsa, for Outboard Marine Corp.

Alfred B. Knight, Richard D. Wagner, Tulsa, for Holiday Hills Country Club Inc.

HODGES, Justice.

This appeal arises out of an action in negligence and breach of implied warranty. Plaintiff received personal injuries when a golf cart he was driving overturned. Defendant Outboard Marine Corporation manufactured the cart, and defendant Holiday Hills Country Club was owner and lessor of the cart. Defendant Lively, a passenger in the cart, was attempting to stand up at the time the cart overturned. Holiday Hill's demurrer to the evidence was sustained and a judgment was rendered in favor of Outboard Marine, although not specifically named in the verdict, and against Lively. While the jury deliberated, Lively effected a settlement with plaintiff. The appeal involves only Outboard Marine and Holiday Hills. Judgment affirmed.

Plaintiff's petition alleges negligence by Lively and negligence and breach of implied warranty by Outboard Marine and Holiday Hills.

The facts of the case are mostly undisputed as defendants introduced no evidence different from that of plaintiff. The facts reveal that plaintiff and Lively, along with three other golfers, arranged to play golf at Holiday Hills, and as was their custom rented a golf cart, which was designed and manufactured by Outboard Marine. Lively and plaintiff rented the cart. Following the tee shots on the first hole the other three players started down the fairway and with the plaintiff driving and Lively sitting beside him in the two seated, three wheel electric golf cart, they started down the first fairway. The fairway, proceeding from the first tee, is of a gentle, fairly smooth, sloping terrain. The cart proceeded down the fairway past the other players when Lively in making some remarks to the other players stood in a crouching position and turned toward the rear of the cart to further say something to the other players when the cart either swerved and he lost his balance, or he lost his balance and the cart swerved, with Lively falling against the tiller, which steers the cart, throwing it to a full left position. The cart traveling at approximately full speed of twelve miles per hour, turned over, pinning plaintiff beneath it, causing him serious and permanent injuries.

As error plaintiff sets forth the following three propositions: (1) The undisputed, uncontradicted evidence, must control the decision of the court and jury. (2) Trial court committed reversible error in giving instruction No. 10. (3) The court erred in entering judgment for Outboard Marine in the absence of a jury verdict.

Under the first proposition plaintiff alleges, that as the evidence was uncontradicted and undisputed, the court was required to give an instruction for a directed verdict to the jury leaving the only question to be submitted, one of the amount of damages to which plaintiff was entitled. The case was submitted to the jury as to Outboard Marine but the demurrer of Holiday Hills was sustained, therefore our dis-

cussion will be different as to these two defendants.

The pleadings specifically alleged negligence of Lively in standing up in the golf cart while it was in motion, falling and causing the tiller to be moved to the full left position while traveling at full speed; negligence of Outboard Marine and Holiday Hills and breach of implied warranty in the defective design of the golf cart, failure to warn, and other counts.

The evidence showed that plaintiff, when he noticed Lively stand up in the cart yelled for him to sit down; that in attempting to sit down, Lively lost his balance and fell against the tiller, which plaintiff was holding, knocking it to the full left position. Plaintiff testified the cart became unsteady when Lively stood up and he was concerned Lively would either fall out of the cart or tip it over. Lively testified that when he stood up the cart swerved and he fell back against the tiller throwing it to the left. The cart was proceeding at top speed or just below it at the time of the accident.

One of the other golfers testified that Lively stood up, swayed, hit the driving mechanism on the cart and the cart flipped. The cart at the time was making a gradual right turn down a gentle sloping fairway with small rises in the terrain.

Plaintiff presented two expert witnesses who testified as to the structure, mechanism and safety of this type of golf cart. Summarized, they testified as follows: that this golf cart, or one similar, had three wheels, weighed approximately 900 pounds, and was operated by two pedals, one an energiser, which acts as an accelerator and the other, a brake, and is steered by a tiller; that the design of the cart is such that it is unstable when a sharp turn is taken at top speed; that this condition is not apparent and is a latent defect in the design. Further, there are a number of ways of correcting this type of instability and one expert witness listed some changes in the design that would correct the instability.

Other evidence was introduced to the effect that no warnings were provided by either Outboard or Holiday Hills that the cart could not be turned to the full extent of its capability at top speed without turning over or that the cart was dynamically unstable. A decal on the cart listed instructions as to operation of the cart. One instruction stated it is advisable to operate the cart with the energiser depressed fully, so as to conserve the electricity reserve of the batteries.

There was testimony that the operators manual furnished by Outboard Marine recommends that the cart be driven at top speed, and that top speed is about 12 miles per hour on a level surface. Other instructions contained in the manual recommend the cart be driven with all of the normal driving precautions and ability required for driving a motor vehicle on the highway and that it should be slowed to a safe speed before turning corners.

■ ■ Plaintiff maintains the evidence introduced as outlined above was not contradicted and conclusively shows there was a defect in design of the golf cart which caused it to turn over when Lively stood up, that the defect was a latent one and no warning of such defect was given by either Outboard or Holiday Hills, and both defendants knew or should have known about this defect. As authority for its position plaintiff cites a line of cases holding that where there is positive testimony of a witness which is uncontradicted, unimpeached and not inherently improbable, it cannot be disregarded and must control the decision of the court and jury. Spillers v. Colby, Okl., 391 P.2d 895; Standifer v. Standifer, 192 Okl. 669, 138 P.2d 825; Koehn v. Fluman, 191 Okl. 71, 126 P.2d 1002; Fleming v. Drew, 88 Okl. 160, 212 P. 306. None of the cases cited by plaintiff are cases involving negligence or breach of warranty. In cases involving negligence we have stated that where the standard of conduct is not fully prescribed by law, the issue of negligence must be left to the jury, even where facts concerning it are undisputed,

if opposite determinations might reasonably be made from the facts. Thompson v. Hertz Corporation, Okl., 366 P.2d 752. Additionally, to establish liability, either under the theory of implied warranty or negligence, it was first necessary under the pleadings that a latent design defect be established. Plaintiff used two expert witnesses who testified as to this feature of the case. No other evidence was offered by plaintiff to prove a latent design defect. Without the testimony of plaintiff's two expert witnesses no cause of action would have been established against either Outboard Marine or Holiday Hills. This court has stated on many occasions that the weight to be given expert testimony is for the jury, who may follow their own experiences, observations and common knowledge and may reject the opinion of the experts. Marathon Battery Co. v. Kilpatrick, Okl., 418 P.2d 900.

■ There is injected in this case an additional cause of the accident other than the asserted design defect, and that is the negligence of Lively in standing and falling against the tiller. Assuming arguendo that under plaintiff's first proposition there is a duty established on the part of either or both of the corporate defendants, the questions of negligence, proximate cause, breach of warranty of fitness for use intended, and design defect are all ones upon which different determinations might be made from the facts proved by plaintiff, albeit undisputed and uncontradicted, and if the jury did not believe that the accident was caused by the alleged defect of the cart, they are not bound by the testimony of plaintiff's expert witnesses as we have seen.

Plaintiff complains that the trial court committed reversible error in giving instruction No. 10 to the jury; that this is an instruction regarding the decisive issues formed by the pleadings and evidence and failure to properly instruct constitutes fundamental error. The instruction complained of is as follows:

"You are instructed that the plaintiff complains of negligence on the part of the manufacturer for failure to give notice that one should not stand up in the machine while it is being used or should not commit certain acts while the machine is being used. In this connection you are told that if you find that the plaintiff, from experience and general knowledge knew the hazards or dangers of doing such acts of which he complains, that notice or instructions were not given, then and in that event notice or instructions would not be necessary and such failure to give such notice or instructions would not be the proximate cause of plaintiff's injuries, and if you so find, your verdict should be against the plaintiff and in favor of the defendant Outboard Marine Corporation."

Plaintiff maintains that this instruction is an incorrect interpretation of the law of this case. It is asserted that the knowledge of the defect in the construction whereby plaintiff knew that he should not stand up in the cart was not the precipitating cause of the accident and under the facts of the case have nothing to do with imparting knowledge to Lively of the danger in standing up in the cart. Further, that the instruction prevents recovery in implied warranty and that the defenses of assumption of the risk and contributory negligence are not defenses in a breach of warranty case.

■ Plaintiff's view of the instruction is incorrect. The instruction is limited to the issues of negligence raised by plaintiff and not to implied warranty. Instruction No. 7 informs the jury that contributory negligence is not a defense in breach of implied warranty case. Instruction No. 10 does not refer to contributory negligence or assumption of the risk. It is a question of knowledge, and latent defect. If plaintiff has knowledge of a defect then failure to warn him of the defect is not a count of negligence against the manufacturer. Plaintiff stated that he was afraid the cart would tip over if Lively stood up.

Additionally, plaintiff states in his brief that the allegation of negligence in his petition is that Outboard Marine failed to warn the passenger regarding the latent instability of the golf cart if the passenger should stand up in the cart while it was in motion. In this statement plaintiff is incorrect. The allegation of negligence referred to is as follows:

"Cushman (Outboard Marine) was negligent in that they failed to give adequate warning to the users of the dangers, hazards inherent in the unsafe design of its golf cart; in that there was no warning concerning the tendency of the said cart to turn over, when the guide wheel was turned to a full right position while being in a forward direction."

The allegation does not charge Outboard Marine with negligence for failure to warn a passenger that it is dangerous to stand while the cart is in motion. Plaintiff did not amend to conform to the proof. We do not entirely approve of instruction No. 10, as it is incomplete, but the instructions as a whole impart the law of the case as to the issues raised by the pleadings and evidence, and the judgment will not be disturbed on appeal. Ricker v. Ball, Okl., 412 P.2d 961.

Plaintiff also objects to the judgment rendered on the verdict, as it releases Outboard Marine from liability although the verdict completely left out the name of Outboard Marine. No objection to receiving the verdict was made at the time of its reception and no objection was made to the form of the verdict. Plaintiff maintains that this is not necessary for preserving the question on appeal as the defect in the verdict is not in form but in substance and no objection is required.

■ Plaintiff cites the case of Britton v. Groom, Okl., 373 P.2d 1012. In this case the court referred to the absence of including a defendant in a verdict rendered in the case, as a matter left undecided in that case. The statement was dictum. It was not considered in the perspective as a decisive issue. The cited case does not consider the important question of what is the intent of the jury. We said on the case of Cox v. Sarkeys, Okl., 304 P.2d 979, "Generally, the court has the power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury, and carry their findings into effect, where the intention can be ascertained with certainty."

■ The court gave the jury four forms of verdict: (1) for the plaintiff and against the two defendants, (2) against the plaintiff and for the two defendants, (3) in favor of the plaintiff and against the defendant Lively and (4) for the plaintiff and against the defendant Outboard. It is readily apparent that the intention of the jury was to render judgment for the plaintiff against the defendant Lively only. For had the jury desired to render a verdict against defendant Outboard, that form of verdict was available to them, and by not using it, they have indicated their intent to absolve defendant Outboard from liability. In fact the court noted that the jury did not return the other forms of verdict and asked if this is the verdict. The foreman responded in the affirmative. If there is a defect it is to form only. The intent of the jury is clear and unambiguous. Plaintiff did not object to the form of verdict and has waived any defect which might have resulted in this particular form of verdict. Pettit v. Rich, Okl., 400 P.2d 156; Miller v. Judd, Okl., 429 P.2d 714.

■ Plaintiff asserts error in the trial court sustaining the demurrer of the defendant Holiday Hills to the evidence of plaintiff. The evidence did not show there was prior notice of a latent defect in the cart nor that Holiday Hills had knowledge of a latent defect. Neither did it show that there was a defect in the cart with the exception of the alleged design defect. We have by this opinion upheld the verdict of the jury in favor of defendant Outboard Marine, who designed and manufactured the cart. The jury by its verdict indicated there is not a design defect or that if one exists it is not the proximate cause of the

accident. In either event, Holiday Hills cannot be held accountable for any defect or failure to warn of a defect if it does not exist or if it is not the proximate cause of the accident. We said in the case of Larrimore v. American Ins. Co., 184 Okl. 614, 89 P.2d 340, that notice or warning of danger is not required, where no danger is reasonably to be anticipated. Holiday Hills liability in this vein would depend upon that of Outboard, who has been absolved of liability by the verdict of the jury.

■ ■ The only other theory which plaintiff asserts is failure to give adequate operating instructions and warning to the users of the cart. We have seen that there is no defect in the cart so there is no reason to warn of a non existent defect. There are certain obvious dangers against which a warning is not necessary, such as the seller of a knife is not required to warn against cutting oneself, or that a hammer will hurt if a person is hit with it, or that a stove will burn, or that if you mistake and apply the accelerator instead of the brakes in a car injury may ensue. Jamieson v. Woodward & Lothrop, 247 F. 2d 23, (1957). In the case of Larsen v. General Mtr. Corp., 391 F.2d 495 (8 Cir., 1968), the court stated that almost any chattel or commodity is capable of inflicting injury and when danger is obvious or known to user no warning is necessary and no liability attaches for an injury occurring from reasonable hazards attached to the use of the chattel or commodities. In the present case there is no requirement to instruct either plaintiff or Lively when they are both familiar with the operation of the golf cart. Both had operated the golf carts many times in the past. Further, Lively was not operating the cart at the time of the accident. The evidence shows that the failure of imparting operating instructions was not the cause of the accident.

There was no duty breached by the defendant Holiday Hills and the verdict of the jury decided there was not a defect in design chargeable to the manufacturer, which caused or contributed to the accident.

Judgment affirmed.

BERRY, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and LAVENDER, JJ., concur.

IRWIN, C. J., dissented.